## ADDISON COUNTY.

### JANUARY TERM, 1834.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
 "    STEPHEN ROYCE,
 "    JACOB COLLAMER,  } *Assistant Justices.*
 "    JOHN MATTOCKS,

NATHANIEL GIBSON *vs.* WILLIAM B. SUMNER.

ADDISON,<br>January,<br>1834.

Where the *parties* have reckoned and settled their book accounts correctly, and mutually agreed on the balance due, and the books are balanced accordingly, it is a settled account; and the debit side of the plaintiff's book is not to be reckoned back of that settlement in order to give jurisdiction to the county court.

This was an action on book. In the county court it had been referred to an auditor, from whose report it appeared, that by the plaintiff's book, a number of balances had, at different times, been struck, and the balances carried forward to the defendant's debit—the last of which, was struck by consent of parties, in April, 1822, and the balance carried forward on the plaintiff's ledger, thus—

"To balance on reckoning, - - - $3,46"
and then a new account commenced. Since this reckoning, the plaintiff's account did not amount to one hundred dollars. Neither party claimed any thing due back of this reckoning, or that the same was in any way wrong. Before the auditor, the defendant insisted that the auditor should not open the account back of this settlement; but the auditor decided that such settlement, though made by the parties, and correctly made, did not preclude the auditor from going into the whole account, and he so did. To such decision the defendant excepted, and moved the county court to dismiss the case for want of jurisdiction. The county court accepted the report, and rendered judgment for the plaintiff for $11,09, the balance reported his due.

To this decision the defendant excepted, and the cause was passed to this court.

Gibson
vs.
Sumner.

*Starr for plaintiff.*

*Waller for defendant.*

The opinion of the court was pronounced by

COLLAMER, J.—It is frequently the practice of accountants, from time to time, to strike balances in their books, for convenience, like bankers' rests, from which to cast interest.   Such balances are *ex parte,* and do not close or effect the currency of the account; nor could *insimul computassent* be sustained thereon.   But when the parties mutually reckon their accounts, and agree on the balance, in which reckoning there is neither fraud or mistake, and the books are balanced accordingly, this is no longer a current account.   It is an *account settled* or *stated.*   For this sum a count for an account stated might well be sustained, for to sustain such action no writing is necessary.—2 Stark. Ev. 123, 125.—*Knowls* vs. *Mitchel,* 13 East. 249.—*Highmore* vs. *Primrose,* 5 Maule & Selwin, 65.

And if so understood by the parties, the balance might well constitute an item in the new account, as was done between these parties, and as is the general practice in this country.

In the case *Hutchins & Pickett* vs. *Olcott,* 4 Vt. Rep. the court in effect hold that the receiving a note for the amount of an account, if there is no fraud or mistake, is a payment of the account; and well remark, that such is the understanding of the people.   Upon the same principle, an account stated between the parties, especially if the books be balanced accordingly, and there be no deceit or mistake, is a *settled account;* and such is the universal understanding and usage here.

It is urged that the plaintiff's book did not furnish evidence that the settlement was mutual, and possibly had he sued before a justice, the defendant might have denied the settlement.   The plaintiff's book showed it a *reckoning;* the parties both concede it was a mutual settlement, and the court cannot presume that, which the parties concede to be a fact, would ever have been denied, or if denied, could not have been proved.   This settlement was

made and entered in the usual manner; and if a plaintiff can pass over one, he may pass twenty settlements; and whenever the defendant owes him a single dollar, he may treat his account, of twenty years currency, as all open, and sustain an action at the county court. Such a course is not to be countenanced.

The county court had not jurisdiction, unless the debit side of the plaintiff's book exceeded one hundred dollars. Such was not the case, after the settlement. Therefore,

Dismissed for want of jurisdiction.