INHABITANTS OF ROCHESTER *vs.* ROBERT C. RANDALL & others.

The same person was chosen treasurer of a town five consecutive years. In the first four he served without a bond; and in the fifth he gave a bond conditioned that whereas he had been chosen to the office for that year, if he should well and faithfully perform all the duties of his said office the bond should be void. *Held*, that the sureties were not liable for his appropriation to his own use, during the first year, of money of the town with which he falsely credited himself in his account of that year as having been officially disbursed by him, and never entered on his subsequent accounts.

CHAPMAN, C. J. The defendants are the sureties of Robert C. Randall, who was elected treasurer of the town of Rochester April 2, 1866, and gave his bond June 15, 1866. Its condition was, that, whereas he had been elected to the office "for the year 1866," if he should "well and faithfully perform all the duties of his said office," the bond should be void. It is agreed that he

had been elected to that office for four preceding years, beginning in 1862, and had served without giving bond. In December 1862 he had entered on his account with the town as treasurer a credit to himself of the sum of $650, as having been paid by him; which entry was untrue, unauthorized and illegal, and by which he wrongfully retained that sum, which he should have accounted for but did not. He never afterwards acknowledged this money to be due to the town, or entered it in his accounts; but the plaintiffs contend that it is to be treated as a balance in his hands at the time the bond was given, and to be accounted for as such, and that his sureties in the bond are liable for it.

But it is obvious that the misappropriation of the money was complete in 1862, and that if the town had taken a bond for that year the defalcation would have been covered by it. There is no evidence that the specific money remained in his hands after the close of that year. He did not account for it in 1863, and was not required to do so. The same is true as to the next two years. The town has always objected to the entry in his account, which implies that it was known to them; but its claim to the money has not been enforced prior to his procurement of sureties in 1866. But the cause of action against him arose in 1862, when he rendered his account, and the town is entitled to recover interest against him from the time of the misappropriation. We cannot regard the defendants' bond as applying to it.

The case of *Saunders* v. *Taylor*, 9 B. & C. 35, cited by the plaintiffs, is not like this case. There the collector had collected and received rates assessed by the commissioners of sewers, and what he had not paid over to the treasurer of the commissioners remained in his hands. The condition of his bond was, that he pay over not only what he should thereafter collect, but all such sums as he had already got in and received; and the case turned upon the construction of this bond. He was in arrears for money collected in 1826, and applied to the payment of those arrears moneys collected by him in subsequent years, leaving a balance due for those subsequent years. His sureties in the bond were held liable for this balance, and clearly it was within the fair construction of the bond.

In *Bruce* v. *United States*, 17 How. 437, Bruce had received money under two successive commissions, and his coplaintiffs were his sureties in the bond given under the second commission. It was held that if a balance which he had received under his first commission remained in his hands, it was so much money in his hands to be disbursed and applied under his second appointment; and that if it was not invested or misapplied during his first official term, but still remained in his hands to be applied according to his official duty, the sureties in his first bond would not be liable for it, because there would have been no default during his first term of office. The sureties in the second bond were held liable, on the ground that the misfeasance happened during the second term, and not during the first.

But in this case it had been completed several years before the defendants signed the bond. In *Myers* v. *United States*, 1 McLean, 493, it is said that it would be doing great injustice to a surety, to hold him responsible for a default consummated before he became bound. And in *Farrar* v. *United States*, 5 Pet. 373, it is said that the bond should be made retrospective in its language, if it is intended to cover past derelictions. All the cases cited for the defendants sustain similar views. In this case the bond is not retrospective in its terms, and cannot by any fair construction be made to cover the default alleged.

*Judgment for the defendants.*

*G. Marston*, (*S. Miller* with him,) for the plaintiffs.

*T. M. Stetson*, for the defendants.