INHABITANTS OF BELCHERTOWN *vs.* EDWIN R. BRIDGMAN.

Hampshire.    Sept. 21. — Oct. 22, 1875.    AMES & DEVENS, JJ., absent.

The treasurer of a town, who has held the office for many consecutive years, and has accounted with the town by annual settlements, carrying forward the balance of each year's account into the new account, is barred by the statute of limitations from showing errors and omissions in an account rendered by him more than six years before the date of the writ.

CONTRACT for money had and received by the defendant in his official capacity as treasurer of the plaintiff town. Writ dated January 30, 1873. Answer, a general denial. The defendant also filed a declaration in set-off, to which the plaintiff, among other defences, pleaded the statute of limitations. Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions in substance as follows :

The defendant was treasurer of the plaintiff town from 1857 to March, 1871, continuously, and at the end of his last term of office there was in his hands a balance due the town upon his settlement with the selectmen, except for the claim of error hereinafter named, of which $800, although duly demanded, had never been paid over. There was evidence that just previously to the end of his official year in March, during every year that he held the office, he and the selectmen came together and settled his official accounts, they receipted for such town orders as he had paid during the year, and he charged himself upon the treasurer's book with a balance due the town on settlement, and these doings were reported to the town as a settlement by him and the selectmen, in their respective official reports for the year ; and that he then annually, upon his reëlection, commenced a new account charging himself with the balance due the town on the settlement of the former official year.

The defendant, under his declaration in set-off, claimed to recover nine items of $100 each for nine bounties alleged to have been paid by the defendant to volunteer soldiers from moneys for which the town had never given him credit. These payments were all made in the spring of 1864, and for them the defendant took receipts as town treasurer.

The only question in dispute which was submitted to the jury was whether the defendant was entitled to an allowance of $900 for the alleged error in the account growing out of the payment of the bounties.

The plaintiff asked the judge to rule as follows : " If the jury believe that near the end of the defendant's official year ending in March, 1865, and of each official year afterwards, until he ceased to be town treasurer, he settled his accounts with the selectmen acting for the town, and agreed upon a balance in his hands as town treasurer to be passed over to his successor in office, and, upon his reëlection, year by year, commenced a new account as treasurer, charging himself with a balance received from the treasury at the end of the former year, he cannot avail himself, by way of defence or set-off in this action, of any error made in the settlement of his account in March, 1865."

The judge declined so to rule, and instructed the jury that the statute of limitations was not applicable to this action.

The jury returned a verdict for the defendant for $122.10 ; and the plaintiff alleged exceptions to this instruction, and to the refusal to rule as requested.

*M. P. Knowlton*, for the plaintiff.

*D. W. Bond*, for the defendant.

WELLS, J. We are of opinion that the ruling, asked for by the plaintiff, upon the statute of limitations, was a correct statement of the law in that respect ; and that the instruction "that the statute of limitations was not applicable to this action," was erroneous.

An "account stated " has always been held to bring a merchant's account, as well as a " mutual and open account current," within the operation of the statute of limitations ; or rather, to take it out of the exception ; so that all claim on account of previous items of the account will be barred in six years thereafter, although the balance itself may be carried forward into a new

account.  *Union Bank* v. *Knapp*, 3 Pick. 96.  *Bass* v. *Bass*, 8 Pick. 187.  *Chace* v. *Trafford*, 116 Mass. 529.  *Toland* v. *Sprague*, 12 Pet. 300.  Angell on Limitations, §§ 150, 151, 160. 2 Greenl. Ev. § 445.

The statute of limitations does not apply to the unsettled account of a town treasurer so long as he continues in office; because no action accrues upon the separate credits and charges of his account, or the separate items of receipt and payment.  He is himself the legal custodian of the money of the town, receiving and disbursing it as a public officer.  The relation is one of trust rather than that of debtor and creditor.  *Railroad National Bank* v. *Lowell*, 109 Mass. 214.  But when his account has been settled with the town, and the balance carried forward to the account of another year, that balance is the sum for which he is accountable as treasurer for the new term.  It has been held that his new official bond, in such case, does not cover any claim that the town may have for sums belonging to his previous account, but withheld or omitted in the settlement.  *Rochester* v. *Randall*, 105 Mass. 295.  And it seems that an action for money had and received then accrues for the recovery of such sums.  *Adams* v. *Farnsworth*, 15 Gray, 423.  On the other hand, and for like reasons, after such a settlement, errors and omissions in his previous account, whereby too large a balance has been carried forward, cease to pertain to the treasurer's current official account; and his claim against the town by reason thereof becomes a personal claim, against which the statute begins to run at the date of such settlement.

Conceding that the defendant is not concluded by the settlements from showing the errors in his previous account, the claim is nevertheless barred by the lapse of six years from the settlement of 1865, which was subsequent to the transactions relied on.                              *Exceptions sustained.*