GONSER ET AL. *v.* STATE, EX REL. HASKINS, TRUSTEE, ET AL.

[No. 4,255. Filed December 17, 1902. Rehearing denied February 24, 1903.]

OFFICERS.—*Township Trustee.—Successive Bonds.—Liability.*—Where a township trustee had given a second bond after sureties on his first bond had been discharged, upon their application to the circuit court, and thereafter abandoned his office a defaulter, the bond in force when the public funds were diverted from the use of the township is the one violated.

From Steuben Circuit Court; *E. D. Hartman,* Judge.

Action by the State on the relation of David Haskins, trustee, against Moses Gonser and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*J. A. Woodhull, J. G. Yeagley, S. A. Powers* and *A. Wood,* for appellants.

*D. R. Best, E. A. Bratton* and *C. A. Yotter,* for appellees.

Henley, J.—This was an action on two official bonds executed at different times by one Monroe F. Wright as township trustee of Salem township. The first of these bonds was executed on the 5th day of August, 1894, at the beginning of the trustee's term of office; was signed by the trustee as principal, and Moses Gonser, Artemus Allen, and Henry Wright as his sureties. On the 6th day of July, 1897, Gonser and Allen, upon their application therefor, were, by order of the judge of the Steuben Circuit Court, discharged from further liability on said bond; and on the same day the said trustee executed a new bond with Henry Wright and appellees, John Tritch and D. Frank Dreher, as his sureties thereon. Afterward, on the 23d day of February, 1900, said trustee abandoned his office and fled from the State of Indiana, leaving a shortage in his accounts in the sum of $1,400. David Haskins, the successor of the defaulting trustee, commenced this action against the two sets of sureties to recover the amounts due the township by reason of such default.

The first paragraph of the complaint was based upon the original bond filed at the beginning of the term of the defaulting trustee. The second paragraph of complaint was based upon the bond filed after the release of appellants, Gonser and Allen. In each paragraph of the complaint the various amounts of money received by the defaulting trustee of the township are specifically set out, and it is charged that the said trustee unlawfully refused to pay out or expend said money for the use of his township, and converted the same to his own use, and refused to account therefor or pay the same over to his successor in office. An answer in general denial was filed by each of the defendants, and it was agreed by the parties that all de-

fenses might be proved under the general denial. The cause was tried by the court without a jury, facts were specially found, and conclusions of law stated thereon.

Counsel for appellee have carefully and briefly stated the material parts of the special finding of facts in their brief. The court found that the defaulting trustee owed the township $1,400; and that he was in default in the sum of $800 at the time the second bond was executed; and that the remainder of the $1,400 was defaulted after the execution of the second bond. It was further found that on the 9th day of May, 1896, the said Monroe F. Wright borrowed from one Samuel Lepley the sum of $800, and executed therefor, as trustee of Salem township, a township warrant; that the said Monroe F. Wright never at any time charged himself with the sum received from Samuel Lepley, nor did he credit the township therewith; that he did not at any time charge himself with, or give his township credit for, the $800 borrowed from the said Samuel Lepley in any report made by him as such trustee to the board of commissioners, nor was said amount so borrowed by him reported to the said board, and on the 10th day of June, 1896, said trustee drew a large sum of money from the county treasurer, to wit, $2,197.90, but used no part of the same for the payment of the township note he had given to Lepley for the $800 borrowed from him, but the said trustee retained out of the funds received by him as aforesaid the sum of $800, and used the same for his own private use and purposes.

We think it clearly appears from the special finding that the sum of $800 of the township's money had been, before the execution of the second bond, converted to the use of the township trustee, so that as to that amount he was clearly in default. He had in his possession, and had converted to his own use, the $800. He had not charged himself with it, and he had not given the township credit for it.

The question in the case is whether or not the actual default arose prior to the execution of the second bond. It is the contention of counsel for appellants, Gonser and Allen, that there was no default during the continuance of the first bond, because the trustee did not during the continuance of the first bond fail to account for any money, as required by law.

If we give full limit to the effect of the law as announced in the authorities cited by counsel for appellants, still the position assumed by counsel, that there could be no liability on the first bond because there was no actual failure by the trustee during the time covered by that bond to meet any and every legal demand made upon him, can not be sustained. Assuming the law to be that a township trustee is not a defaulter because he invests in his private business money received from public sources, so long as he continues to pay out all sums required for public uses, and at the proper time is ready to pay over to his successor the remainder for which he then may be accountable (see *Goodwine* v. *State, ex rel.*, 81 Ind. 109; *Brown* v. *State, ex rel.*, 78 Ind. 239; *Bocard* v. *State, ex rel.*, 79 Ind. 270; *McClelland* v. *State, ex rel.*, 138 Ind. 321; *Harvey* v. *State, ex rel.*, 94 Ind. 159; *Shepard* v. *Meridian Nat. Bank*, 149 Ind. 532; *Rogers* v. *State, ex rel.*, 99 Ind. 218), it does not follow, as counsel contend, that at the time said Wright abandoned his office, and at no other time, he was in default to the amount of $1,400, and that this action is chargeable to the bondsmen, who at that very instant are liable upon his bond for the faithful discharge of the duties of the office. If this position is correct the public servant might continue an *actual* defaulter up to within a few days of the end of his term of office; the sureties on his original bond might, by proper proceedings, be released and a new bond given; he might during the time the new bond was in force do or fail to do no act which the duties of the office required; and yet, having spent the money of the

township, and being unable to account to his successor, his sureties upon his most recent bond, under which he has neither paid out or received any money whatever, are to be charged because the crash of his failure was delayed until the demand to settle came.

In the case at bar the defaulting trustee violated the provisions of his bond when, upon the credit of his township, he borrowed the $800 and converted it to his own use. The township never at any time received credit for the money. The conversion and the default,—in fact the whole transaction,—happened while the first bond was in force, and the sureties thereon must be held for it. The trustee violated the terms of his bond when, in disregard of his duty, he loaned or invested in any way the funds which he held for the uses of the township. He might escape a civil action for the default of duty by returning the money, but he could not in such manner escape the prosecution for the crime committed. §2019 Burns 1901.

The reasoning in the case of *Winchester Electric Light Co.* v. *Veal,* 145 Ind. 506, would lead to the same conclusion. A township trustee's title to the public funds is recognized by the law only for the purpose and to the extent that is necessary to the better preservation of the funds, and not for the purpose of giving to the trustee the right to use the public funds for his private use and gain. He must be held liable upon the bond which was in force at the time the public funds were received and converted to his own use, or diverted from the use of the township. *Inhabitants of Rochester* v. *Randall,* 105 Mass. 295, 7 Am. Rep. 519; *Vivian* v. *Otis,* 24 Wis. 518, 1 Am. Rep. 199; *Bissell* v. *Saxton,* 77 N. Y. 191.

We find no error. Judgment affirmed.