[No. 1182, August 28, 1907.]

BROWN & MANZANARES CO., Appellees, v. CASSIUS C. GISE, Appellant.

Appeal from the District Court for San Miguel county, before WILLIAM J. MILLS, Chief Justice. Affirmed.

### SYLLABUS.

1. The balance of a stated account may become an item of a succeeding current account.

2. Where the balances of accounts stated were each year carried forward into the next year's current account as a part thereof, with the consent of the debtor, who assented to the balances each year, none of the balances ever became more than one year old before they were supported by a new promise, when the account was stated at the end of the next year, and the balances did not stand as a distinct cause of action within the statute of limitations.

3. The items composing an account stated cannot be questioned in the absence of fraud or mistake.

4. Compiled Laws 1897, Sec. 2550, fixing the legal rate of interest at 6 per cent, in the absence of a written contract fixing a different rate, does not prevent a debtor from paying more than 6 per cent, if he elects, and a debtor who knows that an account stated contains items of interest on average

monthly balances agrees to pay interest on the monthly balances.

5. Under Code Civ. Proc. Sec. 94, providing that defects in pleadings not against the justice of the matter of the action and not altering the issue shall be amended, a complaint in an action on an account stated may be amended by striking out allegations with respect to credits claimed by defendant.

T. B. CATRON, for Appellant.

Where defendant claims that he was entitled to greater credit per year on an account running for several years but did not object to the amount against him as otherwise incorrect, it is only an acknowledgment of the correctness of account as far as the items are concerned and the amount of each item, but not as to the correctness of the general account so as to exclude the balances after a consideration of the claims of the other parties, that is, that they would not have effect of a stated account between the parties as to their respective demands or as to making a stated account at all. Burns v. Campbell, 71 Ala. 286; 2 Greenleaf Evidence, section 126; 2 M. & Gr. 307-40, E. C. L. 615, distinguished; Evans v. Verity, 21 E. C. C. 741, R. & Moo. 239.

When an account has been converted into an account stated, it cannot again be put into an account stated and extended verbally, so as to take it out of the running of the Statute of Limitations. Bercherton v. Robertson, 118 Mass. 487; Compiled Laws 1897, section 2926; Chase v. Trafford, 116 Mass.; Angell on Lim., sec. 274; Potter v. C. I. & D. R. R. Co., 99 Iowa 351; Toland v. Sprague, 12 Pet. 300; 4 Leigh 249, Court of Appeals of Virginia; Pickett v. The Bank of Memphis, 32 Ark. 355; Weatherhead v. Boyers, 7 Yegger 545; Boyers v. Boddie, 3 Hum. 666.

Interest on a current account cannot be calculated, except from six months after the last item proven. Compiled Laws 1897, secs. 2550 and 2552; 118 Mass. 487; 166 Mass. 532; 32 Ark. 356; 99 Iowa 354 et seq.

Where defendant had an agreement with his employing company fixing his annual salary at a designated sum

without limitation as to time, this is not abrogated or suspended by subsequent action of the employing company paying a less amount for his services for a particular period, without expressly repealing or modifying the agreement. U. S. v. Livingston, 118 U. S. 398.

JONES & ROGERS for Appellee.

In this Territory the findings of a court sitting as a jury will not be set aside unless manifestly contrary to the evidence. Badaracco v. Badaracco, (N. M. 1901) 65 Pac. 153.

An account becomes an account stated when examined by the debtor, unless objected to by him within a reasonable time; and an account stated cannot be set aside or impeached except for fraud or mistake. Wiggins v. Burkham, 10 Wallace 129; Talcott v. Chew, 27 Fed. Rep. 273; Porter v. Price, 80 Fed. Rep. 655; Lockwood v. Thorne, 11 N. Y. 170; Chisman v. Count, et al. 2 Manning & Granger 307, 40 Eng. Com. Law Reports 615; Raub v. Nisbett (Mich.), 76 N. W. 393; Heartt v. Corning, 3 Paige (N. Y.) 566; Gibson v. Sumner, 6 Vermont 163.

Balances carried forward from year to year into the account for the current year become a part and an item of the current account. Gibson v. Summer, 6 Vt. 163; Farrington v. Lee, 1 Mod. 270; Auzerias v. Naglee, 15 Pac. 371 and 374; Union Bank v. Knapp, 3 Pickering (Mass.) 96; Dows v. Durfee, 10 Barb. (N. Y.) 213.

It having been shown that the account was stated, it cannot be impeached except for fraud or mutual mistake, the burden of showing which is on the defendant. Wiggins v. Burkham, 10 Wall. 129; Auzerias v. Naglee. 15 Pac. (Cal.) 371, 372; Mayre v. Strouse, 6 Saw. 205.; Porter v. Price, 80 Fed. Rep. 655; Allen v. Nettles Admr., 2 Southern 602; Joseph v. Southwark F. M. Co.. 10 Southern 327; Ware v. Manning, 5 Southern 682.

The lower court would have had the right to have amended the complaint so that the allegations would conform to the proof, even after judgment. Compiled Laws 1897, sec. 2685, sub-sec. 94; Nehr v. Armijo, 9 N. M.

325 and 341; Berry v. Hull, 6 N. M. 643 and 653; Enc. Pl. & Pr. 578, 581, 582.

Where interest charges were in accordance with long established custom of plaintiff, of which defendant had knowledge and to which he assented his conduct estops him from setting up the defense that interest charge was not agreed to in writing.   Leather Manufacturer's Bank v. Morgan, 117 U. S. 96.

PARKER, J.—It appears that the appellant was employed by appellee from 1893 to 1902 in the capacity of book-keeper and cashier, and was also a director of the plaintiff corporation.   During this time an account was carried in the books of appellee with appellant in which were charged goods and money, as received by appellant, and in which was credited monthly salary and extra allowances at the end of each month.   At the end of each fiscal year of appellee the account was balanced and the balance brought down as the first item of the next year's account.   Interest at six per cent. per annum was charged or credited at the end of each fiscal year on average monthly balances for or against appellee, as the case might be, and brought down as a part of the balance and first item of the account for the next year.

The appellant admits in the second paragraph of his answer that the account was a stated account at the end of each fiscal year, but insists that the balance of such annual stated account cannot be included in the succeeding annual current account.

1. The first question therefore is as to whether a balance of a previous stated account can be included as one of the items of a succeeding current account, and whether the statute of limitations does not apply to such balance, notwithstanding its inclusion in the succeeding current account.

Upon authority there is no fundamental objection to a balance of a stated account becoming an item of a succeeding current account.   1 Cyc. 367; Dows v. Durfee, 10 Barb. (N. Y.) 212; Fleischner v. Kubli, 20 Or. 328, 25 Pac. 1086; Gibson v. Sumner, 6 Vt. 163; Auzerias v.

Naglee, 15 Pac. 371; Union Bank v. Knapp, 3 Pic. (Mass.) 96.

This is not seriously controverted by appellant, but he insists that the balance continue to stand alone as a distinct cause of action and the statute of limitations once set in motion continues to run regardless of the fact that such balances became a first item in the succeeding current account. This position is untenable both on principle and authority. In this case a fair result, we think, of the defendant's testimony is that the balance of the account stated each year was carried forward into the next year's current account as a part thereof without objection on his part and with his full knowledge and consent, and the lower court so found. He also testifies that the amount of this balance each year was assented to by him as correct. It is difficult to understand how a defendant, in charge of plaintiff's books of account in which his account was kept and in which annual balances were correctly stated and brought down as the first item of the next annual account, and all this done by himself or under his direction, could be heard to say that such balances did not become a part of the succeeding year's current account. We have then in this case an annual stated account between the parties. If it is true, as we have decided, that the balances of a stated account may and in this case did become an item of the succeeding current account, then none of these balances ever became more than one year old before they were supported by a new promise, when the account was again stated at the end of the next year. Under such circumstances the statute of limitations has no application. Gibson v. Sumner, 6 Vt. 163; Aluzerias v. Naglee, 15 Pac. 371; Union Bank v. Knapp, 3 Pick. (Mass.) 96.

We have examined the cases cited by counsel for appellant and find them not opposed to this conclusion. Chase v. Trofford, 116 Mass. 529, is a case holding that the stating of an account more than six years after the last item in a current account did not revive the debt as to such items and take it out of the statute because the account was not stated in writing. Belchertown v. Bridg-

man, 118 Mass. 486, was a case where an attempt was made to question the correctness of a balance more than six years old, and it was held that the same could not be done. Porter v. Ry. Co., 99 Ia. 351, was a case where the balance of a stated account was not carried forward into the succeeding current account, and it was held that the statute of limitations had run against such balance.

2. As before stated, we have a stated account between these parties from which flow certain important consequences. The account being stated, neither party, in the absence of fraud or mistake, can question the correctness of any item composing the same.

This is attempted to be done by appellant as to the items of interest charged on average monthly balances upon a theory that a contract in writing is a pre-requisite to such a charge under section 2550 C. L., 1897. It is true that in order to collect more than six per cent. interest a contract in writing is necessary, but there is nothing in the law which prevents the debtor from paying more if he so elects. The stating of an account containing such items is the same thing in effect. Auzerias v. Naglee, 15 Pac. 371; Porter v. Price, 80 Fed. 655; Allen v. Nettles, 2 So. Rep. 602.

The same doctrine applies to the claim of appellant for additional salary of fifty dollars per month over and above the amount with which he was credited. There is no claim of fraud or mistake, in the absence of which the account cannot be impeached. 1 Cyc. 454, Oil Co. v. Van Etten, 107 U. S. 325. And even if it were an open question of fact as to the fifty dollars per month additional salary we think the trial court correctly found against the appellant on that issue.

3. Some doubt is expressed by counsel for plaintiff as to whether an account stated was properly pleaded, and they asked to amend by striking out a portion of the complaint on page six of the printed record, which is as follows: "except that said defendant at said time claimed he was entitled to certain credits on the credit side of said account which he claims has not been allowed, in this, that he claimed that he was entitled to credits for sal-

ary at the rate of two thousand ($2,000) per annum, instead of at the rate of twelve hundred ($1,200) per annum as credited on said account, but that no objection was made to the debit side of said account and the same was admitted to be correct."

The amendment is allowed under Section 94 of the Code of Civil Procedure.

We find no error in the record and the judgment of the lower court is affirmed, and it is so ordered.