HERBERT L. HARDING *vs.* CORNELIA F. COVELL.

Suffolk. January 15, 1914. — February 27, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Limitations, Statute of. Contract,* What constitutes. *Assignment.*

The fact that different items due between two parties may be set off against each other does not constitute a mutual and open account current between them, within the meaning of R. L. c. 202, § 6, relating to the limitation of an action for a balance due upon a mutual and open account current, unless there was also a mutual agreement that such set-off should be made.

Where a guardian makes an agreement with a woman to care for his ward for a certain amount to be paid monthly, and at a certain time goes over their accounts with her "for the purpose of making settlement up to date" and they agree upon a sum as being due to her, which he thereupon pays to her, if he later discovers that by mistake he has overpaid her, but delays bringing an action for such overpayment until more than six years from the time when the overpayment was made, R. L. c. 202, § 2, is a bar to the action, and the mere fact that after that date he made monthly payments to her for services and disbursements in the board and care of the ward to a time within six years of the date of the writ does not prevent the statute from being a bar.

An assignment under seal by a debtor to a creditor of an interest in the estate of a person under guardianship, which recites that it is given to secure to the creditor the repayment of a specified sum acknowledged to be due to the creditor and appoints the creditor the debtor's attorney to collect such amount from the estate of the ward, but contains no agreement in terms to pay the debt, is not a "contract under seal" upon which, under R. L. c. 202, § 1, cl. 1, an action for the debt can be brought at any time within twenty years from the time that the cause of action accrues.

CONTRACT for money paid to the defendant by accident and mistake in 1899, 1900, 1902, and 1903. Writ dated December 18, 1912.

The answer, besides containing a general denial, alleged that the action was barred by the statute of limitations.

In the Superior Court the case was tried before *Morton,* J.

The assignment referred to in the last paragraph of the opinion, which was under seal and was dated March 14, 1906, recited that the plaintiff, as guardian of Cornelia Phelps, had made an agreement with the defendant, a niece of the ward, to board and care for the ward for a stipulated amount per week, that in the adjust-

ment and settlement of accounts for such board and care the plaintiff inadvertently had overpaid to the defendant the sum of $1,000 more or less, that the defendant desired to secure the plaintiff and the estate of Cornelia Phelps for such overpayment from her share as niece in that estate and that therefore the defendant assigned to the plaintiff "so much of all moneys, securities, or other property which I may be entitled to receive from the estate of the said Cornelia Phelps as niece and as one of her heirs at law or next of kin, as may be required to fully repay to said Harding, or to the estate of said Cornelia Phelps, whatever moneys I may have received from said Harding as guardian in excess of the amount to which I was legally entitled, together with interest . . . from the time of such overpayment, and I appoint said Harding my attorney for the purpose of collecting such amount from my share of said estate, and authorize him to sue if necessary, using my name for the purpose, but this assignment is intended to cover and embrace only so much of my interest in said estate as may be necessary to repay said overpayments with interest, and all amounts, if any, received by said Harding under this assignment in excess of the amount necessary to make such repayment are to be repaid to me."

The instrument also contained the following statement: "In connection with this assignment of my interest .in the estate of Cornelia Phelps, I intend to give to said Harding a policy of insurance on my life as security for said overpayments in the event of my death prior to the death of said Cornelia Phelps, and it is understood and agreed between said Harding and myself that as soon as full repayment has been made to him, or to said estate, by means of this assignment or from said policy of insurance, or from any other sources, then all remaining security held by said Harding is to be at once surrendered and transferred either to me or to my estate."

Other material facts are stated in the opinion. The judge instructed the jury that the statute of limitations did not apply. The jury found for the plaintiff in the sum of $1,786.08; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. E. Macy & F. Shurtleff,* for the defendant.

*C. P. Sampson,* for the plaintiff.

SHELDON, J. The statute, R. L. c. 202, § 2, provides that actions like this must be brought within six years after the cause of action accrues. This writ is dated December 18, 1912. The action is brought to recover sums of money, of which the latest became due in 1903. But the plaintiff contends that the statute of limitations does not apply.

1. He contends that under the agreement between himself and the defendant there was a mutual and open account current between them, in which he was to be credited with the payments made from time to time by him to her, and she with the amounts as they accrued due to her for her services in taking care of his ward Cornelia Phelps, and for boarding and maintaining that ward. The defendant continued to render these services and furnish this board and maintenance until December 20, 1906, when the ward died, and the defendant became entitled to compensation up to and including that day. The plaintiff contends that her credit up and to and on that day is the last item in the account between them, and so that his action was seasonably brought. R. L. c. 202, § 6.

We cannot accept this contention. There was no mutual and open account between the parties. The plaintiff's contention is not that he made merely general payments, crediting the defendant with the amounts due on the account of his ward, but that, intending to pay to her the amount due to her from time to time, he by mistake paid more than was due to her. On April 13, 1900, his payments to her having been irregular, he and the defendant went over their accounts together "for the purpose of making settlement up to date," and agreed upon a balance of $694 as being due to her up to that time. He paid the sum to her; and by so doing, as he alleges and as the jury have found, he in fact overpaid her $1,000. He testified that after this there was a mutual account running between them down to December 20, 1906. But he explained this by saying further: "I mean I from time to time every month owed Mrs. Covell the stated sum, the sum agreed upon for board during the previous month, and for her salary as caretaker; and on or about the end of the month I paid her that sum." And again he testified: "She earned her salary from month to month, and I paid it from month to month, settled at the end of the month."

That is, according to the plaintiff's contention, he employed the defendant to do certain things for his ward, and agreed to pay her therefor a stated price, and made payments to her upon that agreement. This did not create a mutual open account current between them; and the fact that her right to receive payment ceased on December 20, 1906, did not fix that day as the close of such account or extend the right of action which before that time, not later than 1903, had accrued to him for overpayments. His payments to her were merely payments of what he believed to be due to her for the services which she had rendered. *Parker* v. *Schwartz*, 136 Mass. 30. *Graham* v. *Stanton*, 177 Mass. 321, 325. That different items due between two parties may be set off against each other does not constitute an open mutual account current between them, unless there was also a mutual agreement that such set-off should be made. *Eldridge* v. *Smith*, 144 Mass. 35, 36. *Kingsley* v. *Delano*, 169 Mass. 285. Here there was no such agreement.

Even if before April, 1900, this had been otherwise, it then upon the settlement made by the parties ceased to be so, and the plaintiff must at his peril bring his action seasonably to recover for the mistake made therein. *Union Bank* v. *Knapp*, 3 Pick. 96. 110. *Belchertown* v. *Bridgman*, 118 Mass. 486. *Safford* v. *Barney*, 121 Mass. 300.

2. For like reasons, it cannot be held that the statute of limitations began to run only on December 20, 1906, when the last item for which the defendant had a claim upon the plaintiff became due. This was neither in fact nor in law a payment by her to the plaintiff.

3. The assignment given by the defendant to the plaintiff on March 14, 1906, contained an acknowledgment of her indebtedness to him, but no promise to pay that indebtedness. Accordingly, though it was under seal, it did not extend the time for bringing an action for twenty years from its date, under R. L. c. 202, § 1, but at most for only six years (*Gray* v. *Bowden*, 23 Pick. 282), a period which had expired before the date of the plaintiff's writ. Doubtless he still may have a remedy by enforcing the provisions of that assignment; but it cannot be made the ground of an action upon the original indebtedness which it was given to secure.

We discover no error in any other ruling made at the trial; but because of the erroneous instruction that the six year statute of limitations did not apply here, the entry must be

*Exceptions sustained.*