William Gilmour *vs.* A. Konrad Johnson.

Suffolk.    November 16, 1925. — January 6, 1926.

Present: Rugg, C.J., Braley, Pierce, Wait, & Sanderson, JJ.

*Limitations, Statute of.    Contract,* What constitutes, Under seal.

An instrument under seal dated February 9, 1912, by which a debtor acknowledged that he was "duly and justly indebted" to his creditor in a certain sum and, on the creditor's demand for security, assigned to him his interest in a certain mortgage to be held "by him as security," the creditor on the instrument of assignment agreeing in writing to reconvey to the debtor "upon his demand therefor, said mortgage whenever if ever he pays the" indebtedness and interest, while it contained an unqualified acknowledgment of the debt as it then existed, from which a promise to pay it is to be implied, was not a new contract to pay into which the old agreement merged and which, being under seal, would not be barred by the statute of limitations for twenty years from its date; and after February 9, 1918, no action could be maintained upon either the old agreement or upon the agreement implied by the acknowledgment in the instrument under seal.

Contract for money had and received with interest from February 9, 1912. Writ in the Municipal Court of the City of Boston dated June 12, 1924.

Material facts and action by the trial judge on rulings requested and as to amendments to the pleadings are described in the opinion. The trial judge found for the plaintiff. in the sum of $3,042, and at the defendant's request

reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*S. W. C. Downey*, for the defendant.

*W. J. Gaffney*, for the plaintiff.

PIERCE, J. It is agreed that on February 9, 1912, the defendant owed the plaintiff for money had and received $1,700. On that day, by an instrument under seal delivered to the plaintiff, the defendant acknowledged that he was "duly and justly indebted" to the plaintiff in the sum of $1,700, and at the demand of the plaintiff for security for the payment of the debt assigned to him his interest in a certain mortgage, in the terms which follow: "I do hereby assign all of my right, title and interest in and to the said mortgage [a description follows], to said William Gilmour [the plaintiff], to hold by him as security for the payment by me of One Thousand Seven Hundred Dollars ($1700.) upon the express understanding that whenever I pay to said William Gilmour the sum of One Thousand Seven Hundred Dollars ($1700.) with interest thereon at the rate of six per cent per annum from date hereof, he, said Gilmour, is to convey by suitable assignment to me, said Johnson, my interest in the said mortgage. This agreement is a part of the arrangement and contract between the parties, but the assignment of the said mortgage as herein referred to is to be made by me as a separate document and recorded with the Norfolk Deeds." Upon the same instrument, under his seal, William Gilmour executed the following agreement: "I, William Gilmour, agree in consideration of the above assignment to convey to said Johnson upon his demand therefor, said mortgage whenever if ever he pays the sum of One Thousand Seven Hundred Dollars, ($1700.), as herein expressed."

To a writ dated June 12, 1924, which was returnable to the Municipal Court of the City of Boston on July 12, 1924, and to a declaration which reads, "And the plaintiff says the defendant owes him $1,700 for money had and received by the defendant to the plaintiff's use together with interest thereon from February 9, 1912, on which date payment of the

same was duly demanded," the defendant filed a general denial; and afterwards, by leave of court, a plea of payment and the statute of limitations.

The judge upon the foregoing facts, which are more shortly stated in an agreed statement of facts, refused to rule as requested by the defendant " . . . that the written agreement, a copy of which is annexed to the plaintiff's replication does not amount to, nor contain a new promise to pay the debt sued on, so as to take the case out of the statute of limitations." He further denied the second request "That the plaintiff is not entitled to recover for the reason that the plaintiff's action is barred by the statute of limitations and that the cause of action did not accrue within six years of the suing out of the plaintiff's writ." These rulings were accompanied by the following memorandum: "So far as this request applies to the first count it is refused. I find the debt declared on in the first count was merged in the covenant; as to the second count it is inapplicable and therefore refused." The memorandum referring to the second request, reads, "Refused as inapplicable in view of finding that the debt was merged in the covenant."

While the decision of the case was under consideration the plaintiff at the suggestion of the judge, on January 15, 1925, filed an amended second count to his declaration, which is the second count referred to in the "memorandum" and reads: "And the plaintiff says the defendant on or about the ninth day of February A. D., 1912, executed and delivered to him an instrument under seal, a copy whereof is hereto annexed and marked 'Exhibit A,' wherein the defendant acknowledged himself duly and justly indebted to the plaintiff in the sum of $1,700, and by the terms of said instrument promised and agreed to pay the same to the plaintiff, with interest thereon, at the rate of six per cent per annum from said date. And the plaintiff says that the defendant has never paid him said sum as set out in said instrument or any part thereof, and the defendant is now indebted to the plaintiff in the sum of $1700 together with interest thereon from February 9, 1912."

This motion was allowed on February 14, 1925, and on

the same day the judge ruled, as requested by the defendant, that the cause of action set forth in the first count of the plaintiff's declaration, as it originally stood before the amendment, did not accrue within six years of the suing out of the plaintiff's writ, and refused to rule: (1) " The assignment . . . while it contains an acknowledgment of the defendant's indebtedness to the plaintiff, contains no promise on the part of the defendant to pay that indebtedness"; (2) "While the second count of the plaintiff's declaration, contained in his amendment, is purported to be founded on an agreement under seal, this agreement did not extend the time for bringing an action to twenty years from its date, but at most for only six years, a period which had expired before the date of the plaintiff's writ"; (3) "The plaintiff is not entitled to recover on the second count of his declaration, for the reason that the same is barred under the provision of G. L. c. 260, § 2"; (4) "There is no evidence to support the second count of the declaration"; (5) "The plaintiff is not entitled to recover under the first count of his declaration, that is the declaration as it originally stood, before the amendment, for the reason that the plaintiff's action is barred by the statute of limitations, G. L. c. 260, § 2"; (6) "The cause of action set forth in the first count of the plaintiff's declaration, as it originally stood, before the amendment, did not accrue within six years of the suing out of the plaintiff's writ."

The judge refused to rule as requested by the plaintiff that "on the agreed statement of facts the plaintiff is entitled to recover," and filed the following memorandum of ruling with reference thereto: "Refused as to first count, granted as to second count of declaration." On February 14, 1925, the judge made a general finding for the plaintiff on the second count for $1,700, with interest from February 9, 1912, at six per cent per annum, and at the request of the defendant reported the case on all the evidence and facts material to the questions reported to the Appellate Division, which division ordered the clerk to make the entry, "report dismissed."

The ruling that the plaintiff was not entitled to recover

on the first count was right, not because "the debt . . . was merged in the covenant," but because the action had accrued more than six years before the suing out of the plaintiff's writ. The sealed instrument, upon which the second count of the declaration is founded, contains no direct promise to pay the debt which the assignment of the mortgage was intended to secure. Undoubtedly it contained an unqualified acknowledgment of the debt as it then existed, from which a promise to pay it is to be implied; but the new contract was barred by the statute, G. L. c. 260, § 13, when the writ was sued out. *Krebs* v. *Olmstead,* 137 Mass. 504. *Custy* v. *Donlan,* 159 Mass. 245. *Wald* v. *Arnold,* 168 Mass. 134. The assignment given February 9, 1912, contained an acknowledgment of the indebtedness to the plaintiff but no promise to pay that indebtedness. Accordingly, though it was under seal, it did not extend the time for bringing an action for more than six years. *Gray* v. *Bowden,* 23 Pick. 282. *Harding* v. *Covell,* 217 Mass. 120. The debt which was acknowledged in the sealed instrument was not merged in that instrument, and it cannot be made the ground of an action upon the original indebtedness which it was given to secure, and therefore is not a contract "under seal" upon which an action can be brought at any time within twenty years from the time the cause of action accrues. G. L. c. 260, § 1. *Harding* v. *Covell, supra.*

It results that the order "report dismissed" must be reversed, and judgment entered for the defendant.

*So ordered.*