### GIORDANO v. NIZZARI.

(Supreme Court, Appellate Term.   March 17, 1909.)

1. SALES (§ 201*)—WHEN TITLE PASSES.

On the sale and delivery of a horse, either with or without warranty, the title at once passes to the purchaser.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 529, 530; Dec. Dig. § 201.*]

2. SALES (§ 120*)—BREACH OF WARRANTY—REMEDY OF BUYER—RESCISSION.

Where there is an express warranty in the sale of a horse, which is untrue, the warranty is broken at once, and the vendor becomes liable in damages; but the purchaser cannot for that reason refuse to accept the horse or return it.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 294; Dec. Dig. § 120.*]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Pietro Giordano against Pietro Nizzari. From a judgment for defendant on a counterclaim, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Guido J. Giudici, for appellant.
Achille J. Oishei, for respondent.

MacLEAN, J. In his verified complaint the plaintiff declared that on or about April 6, 1908, he sold and delivered a horse and wagon to the defendant at the agreed price of $215; that no part thereof has been paid, except the sum of $150; and that there is now due and owing the sum of $65. Among other defenses in his verified answer the defendant counterclaimed to recover the aforesaid sum paid by him, and likewise the cost of the keep of the horse, basing his claim upon an express warranty at the time of the sale, its breach, and his offer therefor to return.

The trial justice erroneously rendered judgment in favor of the defendant for the sum of $150 and $15 costs, because it is undisputed that the property in question was sold and delivered to, and taken away and kept by, the defendant, who from eight to ten days thereafter offered to return the property, claiming that the same was not as represented. Title had passed, and the defendant was not acting

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

within his right; for, be the law otherwhere otherwise, in this state, "if the sale is of existing and specific goods, with or without warranty of quality, the title at once passes to the purchaser, and, where there is an express warranty, it is, if untrue, at once broken, and the vendor becomes liable in damages, but the purchaser cannot for that reason either refuse to accept the goods or return them." Brigg v. Hilton, 99 N. Y. 517, 529, 3 N. E. 51, 52 Am. Rep. 63, and cited as the rule in Fairbank Canning Co. v. Metzger, 118 N. Y. 260, 269, 23 N. E. 372, 16 Am. St. Rep. 753.

If it be contended that the transaction between these parties was what is denominated a "sale or return"—that is, a bargain and sale upon a condition subsequent, title passing, subject to the right to rescind and return (Hunt v. Wyman, 100 Mass. 198, 200)—and that there was evidence herein wherefrom the trial justice might find that such was the transaction in question, his finding would still be improper, because such a transaction was not alleged as claim, nor was motion made to conform the pleadings to the proof. It follows that the judgment should be reversed, and the cause remanded for a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

DAYTON, J. (dissenting). Plaintiff sold a horse and wagon to defendant for $215, receiving on account $150 and a memorandum for $65, payable "at the end of May, 1908," for which sum this action was brought June 10, 1908. The defense was breach of warranty, offer to return, and counterclaim for the $150 paid, as well as $60 board of the horse after offer to return. Though the evidence was conflicting, it cannot be said that the findings of the trial judge on the facts are against the weight of evidence. As plaintiff refused to accept the return of the horse and wagon, the judgment in defendant's favor should be modified by providing that upon the payment of the judgment, with the costs of this appeal, plaintiff should be entitled to receive the horse and wagon at defendant's place of business.

As so modified, the judgment should be affirmed, with costs as aforesaid.