LEWIS G. RAMSAY *vs.* LEVI WARNER.
SAME *vs.* SAME.
SAME *vs.* SAME.

Prior to St. 1867, *c.* 56,* A. agreed with B. to indorse to him a note of C. and to lend him
money enough to make up the sum of five hundred and fifty dollars when added to the
amount due on C.'s note, and in consideration thereof B. agreed to give A. fifty dollars,
and so made to A. a note for six hundred dollars, payable in five years, with interest
annually, and secured by mortgage of real estate, the intention of the parties being to
enable A. thereby to receive a higher rate of interest than six per cent. per annum on
the amount of his loan. *Held,* that this contract was usurious under Gen. Sts. *c.* 53, and
that in actions by A. upon the note and the mortgage respectively, B., as defendant or
tenant, may avail himself of the usury in defence, although interest has never been
paid upon the note and the plaintiff offers to accept the amount actually due, computing
only lawful interest on the actual amount of his loan.

---

* The St. of 1867, *c.* 56, entitled " An Act concerning the rate of interest,"
approved by the governor March 6, 1867, is as follows:

" § 1. When there is no agreement for a different rate of interest of money,
the same shall continue to be at the rate of six dollars upon one hundred dollars
for a year, and at the same rate for a greater or less sum, and for a longer or
shorter time.

" § 2. It shall be lawful to contract to pay or reserve discount at any rate, and
to contract for payment and receipt of any rate of interest: *provided, however*

If payments by a debtor to a creditor on account of his indebtedness generally, which consists of various promissory notes payable at various times, are made before one of the notes is barred by the statute of limitations, they may be applied afterwards by the creditor to that note, and when so applied take effect from their respective dates and not from the date of the application.

In an action brought upon several promissory notes, against one of which the defence of usury is successfully maintained, but against the others no defence is established, each party is entitled to costs.

THE first of these three actions was of contract, to recover the balance due on three promissory notes made by the defendant. The second was a writ of entry, to foreclose two mortgages given by the defendant to secure two of these notes, being the two hereinafter described as for the sums respectively of three hundred dollars and one hundred and thirty-seven dollars and fifty cents. The third was also a writ of entry, to foreclose a mortgage given by the defendant to secure the other note, being the note hereinafter described as for the sum of six hundred dollars. The writs were dated, respectively, May 28, May 30, and May 31, 1866.

By the pleadings it appeared that the first note, dated November 16, 1852, was for one hundred and thirty-seven dollars and fifty cents, payable to bearer four years from date, with interest annually. On this note was indorsed an acknowledgment of receipt of interest to July 4, 1857. The second note, of the same date, was for three hundred dollars, payable to bearer three years from date, with interest annually. On this was indorsed an acknowledgment of receipt of interest to November 16, 1856. The third note, dated March 6, 1856, was for six hundred dollars, payable to the plaintiff or bearer five years from date, with interest payable annually. The plaintiff gave credit to the defendant for an account consisting of forty-five items, beginning in December 1859 and

that no greater rate of interest than six per centum per annum shall be recovered in any action, except when the agreement to pay such greater rate of interest is in writing.

" § 3. Sections three, four and five of chapter fifty-three of the General Stat utes, and all acts and parts of acts inconsistent herewith are hereby repealed.

" § 4. This act shall not affect any existing contract or action pending, or existing right of action, and shall take effect on the first day of July next."

closing in April 1864, and alleged in his declaration that it was agreed by the parties that the items of this account should be applied to the indebtedness of the defendant on the three notes, but that the defendant had never made or asked any application of any of the items specifically to either note, and so that the plaintiff had applied items Nos. 1 to 15 to the first note in suit, and had applied the remaining items, Nos. 16 to 45, to the second note.

The defendant admitted the making of the notes, and that the items of the account were to apply generally on his indebtedness to the plaintiff, and that he made no specific application of them to any particular note; but he averred that the application made, as above stated, was made without his knowledge or assent, and should not prejudice the legal rights which he would have otherwise in defence against either note; and he pleaded the statute of limitations in bar of any recovery on account of the second note; and he averred that the third note was usurious, alleging that the consideration therefor was only five hundred and fifty dollars, made up in part of an overdue note of one Chatfield.

To this plea, as to the third note, the plaintiff replied denying usury, and averring that the defendant offered to give him fifty dollars and so to make to him a note for six hundred dollars, provided he would transfer to the defendant the Chatfield note with money enough besides to make up the sum of five hundred and fifty dollars; but he denied that the defendant had ever paid the fifty dollars promised; and he offered, in this replication, to deduct fifty dollars from the principal of the third note, and averred that he claimed no interest on that note other than as if it had been originally given and expressed for five hundred and fifty dollars.

At the trial in the superior court, which was had, by agreement of the parties, before *Rockwell*, J., without a jury, the judge found as fact, in regard to the second note, that, applying to it the items Nos. 16 to 45 of the account, as the plaintiff in his declaration elected to do, there was no interval so long as six years between payments thereon; and he therefore reckoned interest on it the same as if these items of credit had been indorsed

Ramsay *v.* Warner.

on the note at their respective dates; and he ruled as matter of law that the plaintiff, at the time of his declaration, had the right so to apply the credits, the defendant never having made any election as to them; to which ruling the defendant alleged exceptions.

In regard to the third note, the judge found as fact, that the Chatfield note, which formed part of its consideration, was good and availed to the defendant for its full amount, and that, so reckoning the Chatfield note, the sum received by the defendant in consideration for the third note was only five hundred and fifty dollars; that the transaction was as if the defendant had borrowed and received of the plaintiff five hundred and fifty dollars in money and given his note for six hundred dollars; and that this was for the agreed purpose of enabling the plaintiff to receive a higher rate of interest than six per cent. per annum; and he ruled thereon as matter of law that the note was usurious under the statutes in force at the time it was made, and was subject to deduction of threefold the unlawful interest; to which ruling the plaintiff alleged exceptions.

In the second and third cases the judge found the sums for which conditional judgments in favor of the plaintiff should be rendered, basing his findings on his rulings in the first case; and he reported all three cases for determination by this court on his rulings of law.

*I. Sumner*, for the plaintiff, to the point that the defendant had never paid any usurious interest on the third note, and that, if any was reserved, its reception being waived, the forfeiture does not attach, cited *Stevens* v. *Lincoln,* 7 Met. 525; *Kimball* v. *Boston Athenæum*, 3 Gray, 230; *Saunders* v. *Lambert*, 7 Gray, 484.

*M. Wilcox*, for the defendant.

HOAR, J. This case was tried by consent of parties before a judge without a jury, and after a finding of the facts by him in lieu of a verdict, comes before us upon his report of questions of law. It is an action upon promissory notes and an account; and the only questions at issue arise upon two of the notes. To the note of six hundred dollars the defence of usury was set

up, and the judge has found that usurious interest was reserved in the note, and has deducted from the amount due upon it the forfeiture prescribed by the statute. The plaintiff contends that the forfeiture has not been incurred, because the unlawful interest has never been received, and he had offered to accept the amount actually due, computing only the lawful interest. This position cannot be maintained. All the cases cited by the plaintiff's counsel to sustain it are suits to recover the penalty where interest has been paid. There, until an actual payment of unlawful interest, the cause of action does not arise, and there is a *locus penitentiæ* to the defendant. But where a plaintiff seeks to enforce a contract usurious in its inception, the law gives the defendant the right to deduct the penalty, and the plaintiff can‹ not deprive him of this right by offering to renounce the part of the contract which contained the usury. He must sue upon the contract as it was made, and no part of it is capable of enforcement by suit, except with the liability to the defence which the law has attached to it. The finding of the judge was therefore right upon this point.

The note of three hundred dollars was barred by the statute of limitations, unless it was kept in force by means of payments made upon it. The case finds that the defendant made certain payments, which, if made upon this note, would have been sufficient to prevent the operation of the statute ; that they were made generally on account of the defendant's indebtedness to the plaintiff, and were not applied by the defendant to any particular debt ; that at the times when they were made, the note was not barred by the statute ; but that the plaintiff made no application of them until he filed his declaration, when the note was barred, unless the application then made of these payments would prevent the operation of the statute.

By Gen. Sts. *c.* 155, § 13, it is enacted that, "in actions of contract, no acknowledgment or promise shall be evidence of a new or continuing contract whereby to take a case out of the operations of the provisions of this chapter" (for the limitation of actions), "or to deprive a party of the benefit thereof, unless such acknowledgment or promise is made or contained by or in

some writing signed by the party chargeable thereby." In § 17 there is a proviso, that this shall not " alter, take away, or lessen the effect of a payment of any principal or interest made by any person." These statute provisions are substantially the same as those of the English statute of 9 Geo. IV. *c.* 14, § 1, under which it has been uniformly held that, in order to take a case out of the statute of limitations by a part-payment, it must appear that the payment was made on account of the debt for which the action is brought, and also that it was made as part-payment of a greater debt ; because the principle upon which a part-payment takes a case out of the statute is, that it admits a greater debt to be due at the time of the part-payment. Parke, B., in *Tippets* v. *Heane*, 1 C. M. & R. 253. *Waters* v. *Tompkins*, 2 C. M. & R. 723. *Mills* v. *Fowkes*, 5 Bing. N. C. 455. *Burn* v. *Boulton*, 2 C. B. 476. The doctrine of these cases has been approved and adopted in this commonwealth. *Pond* v. *Williams*, 1 Gray, 630. *Roscoe* v. *Hale*, 7 Gray, 274.

The rule as to the application of payments, where there are several debts, is this, that the debtor may, if he chooses, in the first instance, appropriate the payment; *solvitur in modum solventis ;* if he omit to do so, the creditor may make the appropriation ; *recipitur in modum recipientis.* If the creditor makes the appropriation, he may do it to a debt barred by the statute of limitations ; but such an appropriation will not have the effect to take the debt out of the operation of the statute. It seems to be regarded as a mere permission of law to the creditor thus to apply it, and not an intentional payment on that account, which is necessary to involve the admission of the whole debt, and the implied renewal of the promise to pay it. The debtor is not presumed to have intended to renew a promise which is no longer legally binding upon him, although he has put it in his creditor's power to satisfy *pro tanto* a claim upon which he had lost his legal remedy.

But when there are several ascertained and admitted debts, none of which are barred by the statute, and a payment is made without an application of it by the debtor, we think a different rule applies ; and that the payment, when applied by the creditor,

has all the effect upon the debt to which it is applied, that it would have if it had been made by the debtor expressly on account of it. This distinction between debts barred by the statute at the time when the payment is made, and those not then barred, was expressly recognized in *Pond* v. *Williams, ubi supra.* The debtor must be held to intend the full effect of a payment upon whichever debt the creditor may elect to apply it. It was said by Erle and Crompton, JJ., in *Walker* v. *Butler*, 6 El. & Bl. 506, that where there are two debts and a general payment, there is generally evidence for a jury of payment on account of both.

The fact that the application does not appear to have been made until the suit was brought is not material. The creditor had a right to make it at any time. *Mills* v. *Fowkes, ubi supra.* And when it is made, it takes effect from the time of the payment, and not from the date of the application. This would obviously be so in respect to the stopping of interest by reason of the payment, and we can see no reason why it should not relate back for all purposes.

The rulings at the trial having been right, judgment must be entered accordingly. Each party will be entitled to costs; the plaintiff, as the prevailing party on that part of the case to which no defence has been established, and the defendant by virtue of the statute upon the defence of usury to the note of six hundred dollars. *Brigham* v. *Marean*, 7 Pick. 40.

The only question in the second case, the amount for which the conditional judgment shall be entered, is settled by the decision in the preceding case.

The third action is brought to foreclose a mortgage given to secure the note of six hundred dollars mentioned in the preceding case. The note having been found to be usurious in its inception, the usury is a defence in the suit upon the mortgage to the same extent as upon the note. *Hart* v. *Goldsmith*, 1 Allen, 145. *Minot* v. *Sawyer*, 8 Allen, 78. Conditional judgment will therefore be entered for the sum reported as found by the judge at the trial, with interest thereupon; and the defendant will have judgment for his costs.