## CHARLES P. HUNT *vs.* SAMUEL G. WYMAN.

In an action for the price of a horse, the evidence showed that the plaintiff had the horse for sale, and the defendant, after asking and being told the price of it, proposed that, "if the plaintiff would let him take the horse and try it, if he did not like it he would return it, in as good condition as he got it, the night of the day he took it," and the plaintiff assented and delivered the horse to the defendant's servant, from whom it escaped almost immediately without his fault, and was so injured that the defendant had no opportunity to try it, but did not return it within the time agreed, nor afterwards. *Held,* that the evidence showed a bailment of the horse, but no sale.

CONTRACT on an account annexed for $250 as the price of a horse. Writ dated September 5, 1867. Answer, a general denial. At the trial in the superior court, before *Morton*, J., the plaintiff testified that he had the horse for sale, and on the evening of August 12, 1867, the defendant looked at it and inquired

the price, and was told $250; that the defendant said nothing further about price, but asked the character of the horse, and was told that the horse was six years old, sound, kind, and afraid of nothing but goats; that the defendant wished to take the horse to try it, and at this the plaintiff hesitated, and the defendant then told him that " if he would let him take the horse and try it, if he did not like it he would return it, in as good condition as he got it, the night of the day he took it," to which the plaintiff assented ; and that the next day the defendant sent his servant and took the horse from the plaintiff about eleven o'clock in the forenoon.

The plaintiff further testified that the horse was taken for the purpose of trying it; that a short time after it was taken a message was brought to him, that, before it reached the defendant's place, it escaped from the servant, ran away and was injured; that on receiving the message he went to the stable where the horse was, and found it injured so severely that it could not be used or removed prudently; that, on account of the injury, the defendant had no opportunity to try the horse; that he did not expect that the defendant would finally take the horse until after he had tried it; that the defendant had neither returned the horse nor offered to return it; and that the plaintiff had nothing to do with the horse since he put it in charge of the defendant's servant. There was no evidence, and it was not contended by the plaintiff, that the horse was injured by fault of the defendant or his servant.

The judge ruled that the plaintiff could not maintain his action on this evidence, and directed a verdict for the defendant, which was returned; and the plaintiff alleged exceptions.

*W. Colburn*, for the plaintiff.

*W. Gaston*, for the defendant, was stopped by the court.

WELLS, J. Upon the facts stated in this case, there was a bailment and not a sale of the horse. The only contract, aside from the obligations implied by law, must be derived from the statement of the defendant, that, if the plaintiff " would let him take the horse and try it, if he did not like it he would return it in as good condition as he got it." This contract, it is true, is

silent as to what was to take place if he should like it, or if he should not return it. It may perhaps be fairly inferred that the intent was that if he did like the horse he was to become the purchaser at the price named. But, even if that were expressed, the sale would not take effect until the defendant should determine the question of his liking. An option to purchase if he liked is essentially different from an option to return a purchase if he should not like. In one case the title will not pass until the option is determined; in the other the property passes at once, subject to the right to rescind and return.

A mere failure to return the horse within the time agreed may be a breach of contract, upon which the plaintiff is entitled to an appropriate remedy; but has no such legal effect as to convert the bailment into a sale. It might be evidence of a determination, by the defendant, of his option to purchase. But it would be only evidence. In this case, the accident to the horse, before an opportunity was had for trial in order to determine the option, deprives it of all force, even as evidence.

This action, being founded solely upon an alleged sale of the horse for an agreed price, cannot be maintained upon the evidence reported.  *Exceptions overruled.*