## DORCAS SEAVEY *vs.* JOSEPH B. MOORS.

If interest at a greater annual rate than six per cent., in accordance with the terms of a contract made before the repeal of the usury laws by the St. of 1867, c. 56, is voluntarily paid after such repeal, no action can be maintained on the Gen. Sts. c. 53, §§ 4, 5, to recover threefold the amount paid, or the amount itself, although the St. of 1867 provides that such repeal "shall not affect any existing contract, or action pending, or existing right of action."

GRAY, J. This action is brought to recover back threefold the amount of unlawful interest paid in 1868 according to the terms of a contract made in 1866; or, if that cannot be done, to recover back the simple amount so paid.

The statutes in force when the contract was made gave two remedies for usury; the one, by allowing a defendant to deduct threefold the amount of unlawful interest reserved, taken or received, and to recover full costs, in a suit against him upon the usurious contract; and the other, by allowing a person paying unlawful interest to sue for and recover threefold the amount thereof. Gen. Sts. *c.* 53, §§ 4, 5.

By the St. of 1867, *c.* 56, those statutes and all usury laws were repealed; and it was provided that "this act shall not affect any existing contract, or action pending, or existing right of action." This saving clause was manifestly inserted, in the sweeping repeal of the usury laws, to remove the objection of impairing the obligation of existing contracts, and the injustice of taking away rights of action already accrued. It might perhaps secure the right of a party sued upon an existing contract on which unlawful interest had been reserved, taken or received, to deduct threefold the amount thereof; but that question is not now before us. Upon existing contracts to pay unlawful interest, the previous law, so far from obliging the promisor to pay it, gave the promisee a *locus pœnitentiæ* until its actual payment, and, if he insisted upon its payment, enabled the promisor to recover back threefold the amount; and no right of action accrued to the latter before actual payment. *Saunders* v. *Lambert*, 7 Gray, 484. *Smith* v. *Robinson*, 10 Allen, 130. *Ramsay* v. *Warner*, 97 Mass. 8.

As this plaintiff, when the St. of 1867 took effect, was under no legal obligation to pay, and had not actually paid, the amount now sued for, but voluntarily paid it afterwards, he cannot recover either threefold the amount, or the amount itself.

*Exceptions overruled.*

*J. F. Pickering,* for the plaintiff.
*C. T. Russell,* for the defendant.