EBEN H. SAFFORD *vs.* HORACE BARNEY, administrator.

Essex.    November 8. — 14, 1876.    COLT, DEVENS & LORD, JJ., absent.

Under the Gen. Sts. c. 155, § 5, which provide that "in actions of contract, brought to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in the account," it is sufficient to prove mutual dealings between the parties, consisting of sales made, or services performed, by each party, to or for the other, creating mutual debts, and which by mutual agreement are to be set off against one another, and are entered in an account stated by the plaintiff, even if no balance has been struck; and the statute of limitations begins to run only from the date of the last item on either side of the account.

CONTRACT, against the administrator of Ira G. Bean, on the following account annexed : "Ira G. Bean to E. H. Safford, Dr.    For the Essex Banner (weekly newspaper) from January 1, 1848, to January 1, 1874, 26 years, at $2            $52.00
                                        " Interest,                 30.00

                                                                ————
                                                                $82.00
            " Spring of 1873, credit by making stands,           8.00

                                                                ————
            " Balance claimed at date of writ,               $74.00 "
Writ dated Feb. 3, 1876.   The case was submitted to the Superior Court, and, after judgment for the plaintiff for the balance claimed, to this court, on appeal, on an agreed statement of facts in substance as follows :

The newspaper was delivered weekly to the intestate at his request, who made and delivered to the plaintiff the stands as credited in the account annexed, in part payment for the sum then due for the paper.   The plaintiff, from time to time, and usually in January of every year, requested payment from the defendant of the amount then due.   Bean died in the fall of 1874, and the defendant was soon after appointed administrator of his estate.

If the statute of limitations applied to the plaintiff's account, judgment was to be entered for the plaintiff for $4.50, and interest from the date of the writ; otherwise, for the plaintiff for $74.00 with interest from the date of the writ.

*J P. Jones*, for the plaintiff.

*N. C. Berry*, for the defendant.

GRAY, C. J.    Under the Gen. Sts. *c.* 155, § 5, which provide that, " in actions of contract, brought to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in the account," it is sufficient to prove mutual deal ings between the parties, consisting of sales made, or services performed, by each party, to or for the other, creating mutual debts, and which by mutual agreement are to be set off against one another, and are entered in an account stated by the plaintiff, even if no balance has been struck; and the statute of limitations, begins to run only from the date of the last item on either side of the account.    The case is governed by *Penniman* v. *Rotch,* 3 Met. 216.                  *Judgment affirmed.*

JOHN H. CROSMAN *vs.* CITY OF LYNN.

Essex.    November 9. — 14, 1876.    COLT, DEVENS & LORD, JJ., absent.

If a maidservant, without any fault on her part, is prevented from returning from her mother's house to her employer's on Saturday night, her employer is justified in using his horse and carriage to bring her to his house on the morning of the Lord's day, that she may prepare needful food for his family, and may maintain an action against a town for an injury to his horse, caused by a defect in the high-way, while so travelling.

TORT for injuries to the plaintiff's horse, occasioned by a defect in Union Street, a highway which the defendant was bound to keep in repair.    Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

It was in evidence that the plaintiff, on April 26, 1874, resided in Swampscott, but had his place of business in Lynn, a mile and a quarter from his residence; that his business was that of undertaker; that Michael P. Haven and Kate Haven were then employed by him, and that their mother lived in a tenement over the plaintiff's shop in Lynn; that Michael had, among other duties, the care of the plaintiff's horses, which were kept at the plaintiff's stable in Lynn, connected with his shop; and that the general housework in the plaintiff's family, including