EBEN H. ELDRIDGE *vs.* JOHN M. SMITH.

Barnstable.   Jan. 19. — Feb. 24, 1887.   HOLMES & GARDNER, JJ., absent.

An account due to the firm of A. and B. by C., and an account due to C. by A. after the dissolution of the firm by the death of B., do not constitute a "mutual and open account current," within the meaning of the Pub. Sts. *c.* 197, § 8; and all the items of each account, not contracted within six years before the date of the writ in an action upon the account due the firm, by A. as surviving partner, against C., who files his account against A. in set-off, are barred by the statute of limitations.

MORTON, C. J.   The plaintiff sues as the surviving partner of the late firm of W. and E. H. Eldridge, upon an account due to that firm.

The items of the account are mostly for the hire and keeping of horses, the first item being in November, 1854, and the last one in December, 1872. The defendant, in his answer, set up the statute of limitations, and he also filed an account in set-off for medical services and medicines furnished the plaintiff from February, 1874, to May, 1882. The plaintiff's partner died in January, 1872. The writ is dated December 28, 1884. It is obvious that all the items in the plaintiff's account are barred by the statute of limitations, unless he can bring himself within one of its exceptions. He contends that the account he sues on and the defendant's account in set-off are parts of a mutual and open account current, and relies upon the statute, which provides

that, " in an action of contract brought to recover the balance
due upon a mutual and open account current, the cause of action
shall be deemed to have accrued at the time of the last item
proved in the account." Pub. Sts. *c.* 197, § 8.

In *Penniman* v. *Rotch*, 3 Met. 216, which is the leading case
upon the exposition of the statute, the plaintiffs sued upon an
account made up of charges of market provisions, a few of the
last items of which were within six years before the date of the
writ. It appeared that the defendant, more than six years be-
fore the date of the writ, delivered to the plaintiffs, on account,
a calf; and the court held that this showed that there was an
open and mutual account between the parties, and that the stat-
ute of limitations did not begin to run against any items of the
account until the last item on the debit side. The reason given
is, that " it was an article of merchandise delivered by the de-
fendant to the plaintiffs, in the ordinary course of business,
either at an agreed price, or upon an implied promise of the
plaintiffs to allow its value in account." A similar point was
decided in *Safford* v. *Barney*, 121 Mass. 300. The court said,
that, in order to prove a mutual and open account current, " it
is sufficient to prove mutual dealings between the parties, con-
sisting of sales made, or services performed, by each party, to or
for the other, creating mutual debts, and which by mutual agree-
ment are to be set off against one another."

Both of these cases make one of the elements of a mutual and
open account to be that there must be a mutual agreement, ex-
press or implied, that the items of the account upon the one side
and the other are to be set against each other. In other words,
there must be one account upon which the items on either side
belong, and upon which they operate to extinguish each other
*pro tanto*, so that the balance on either side is the debt between
the parties. It is quite clear that the mere right to set off in-
dependent debts under our statute. is not sufficient to create a
mutual and open account. For instance, in this suit upon the
plaintiff's account, the defendant might have the right to set off
a promissory note of the plaintiff's which the defendant holds as
indorsee from the payee. But it cannot be for a moment con-
tended that this would make the plaintiff's account a mutual and
open account. It is not enough that there should be mutual

debts, but they must, by agreement of the parties, be parts of one account, upon which they would apply to and satisfy each other *pro tanto.*

In the case at bar, upon the death of his partner, the plaintiff became the legal owner of the assets of the firm. He could collect the accounts by suits in his own name, and in such suits the defendant could set off any debt which is within the statute of set-off, although contracted by the plaintiff individually. *Holbrook* v. *Lackey*, 13 Met. 132. This shows that, at the time this suit was brought, except for the statute of limitations, there were mutual debts between the parties, one of which could be set off against the other. But this does not make the respective debts of the parties parts of one mutual and open account current. The debts and credits are not mutual; the debt of the defendant is to the firm, his subsequent credit was given to the plaintiff individually. The death of the partner closed the account with the firm, not in the sense that it became an account stated upon which a new cause of action arose, but it terminated the dealings between the defendant and the firm. Any subsequent dealings of the defendant with the surviving partner are dealings between different parties, which do not naturally belong to and form part of the account of the firm. They cannot operate to continue the partnership account as a mutual and open account current, unless there is some agreement that the charges of the defendant shall be applied to and be a part of that account. Whether such an agreement would operate to start a new mutual account current, commencing with the balance due the plaintiff as surviving partner, we need not decide, for no such agreement is shown in this case; and we are of opinion that the account of the plaintiff is not brought within the exception of the statute, and is therefore barred by lapse of time.

Applying the same rules to the defendant's claim in set-off, it necessarily follows that all the items of his account which accrued more than six years before this action was commenced are barred by the statute of limitations ; and that he is entitled to judgment for such as are within the six years.

*Judgment for the defendant accordingly.*

*H. M. Knowlton*, for the defendant.

*J. M. Day*, ( *T. C. Day* with him,) for the plaintiff.