WILLIAM F. KINGSLEY *vs.* CHARLES G. DELANO, executor.

Hampshire.    September 21, 1897. — October 20, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Statute of Limitations — " Mutual and Open Account Current " — Set-off — Instructions.*

At the trial of an action against an executor on an account annexed, the plaintiff, to show that there was a mutual and open account current, testified on direct examination that a mare was to be charged to his account, that "that was the agreement and the understanding" with the testator, that the price was to be twenty dollars, and on cross-examination that it was not to be treated as a cash

payment, but that "it was to be applied on the account." This was about twelve years before. No credit was given in the account annexed to the declaration, the last item in which was nearly three years before the date of the writ, the defendant did not plead in set-off, and the plaintiff claimed the whole amount. It was agreed that, if the mare was received by the plaintiff as so much money, the plaintiff was not entitled to recover the items prior to the last two, which were the only ones within six years from the date of the writ. The jury returned a verdict for the plaintiff for the full amount. *Held,* that the testimony would justify a finding that there was a mutual and open account current, but that the jury should have been directed to deduct the price of the mare, and to return a verdict for the balance.

CONTRACT, upon an account annexed, against the executor of the will of Henry B. Graves, to recover $146. The defendant set up the defence that all the items except the last two were barred by the statute of limitations. The first item in the account annexed was dated January 17, 1862, and the last was dated January 12, 1894. Writ dated October 27, 1896.

Trial in the Superior Court before *Dewey,* J., who allowed a bill of exceptions in substance as follows.

To show that the items after proof of them had been given were not barred by Pub. Sts. c. 197, the plaintiff relied upon § 8 of that statute, relating to actions upon a mutual and open account current. He testified, in answer to the question whether he had any transaction afterwards with reference to a mare: "I bought a mare of him that had lately foaled. I was to have the mare in the fall when she weaned the colt, and she was brought to my place. I bought the mare for $20. He brought the mare to my place in the fall, and I took her and kept her. The mare was to be charged to my account. That was the agreement and the understanding." On cross-examination he said that it was not to be treated as a cash payment, but that " it was to be applied on the account "; and he also testified that he presented the claim to Graves every year from 1862 up to the time he died, except when he bought the mare, about twelve years before. It further appeared that the plaintiff gave no credit on his books for the mare or the price of the same, and that the defendant failed to find any private accounts of Graves. No credit was given in the account set out in the plaintiff's declaration, and the plaintiff claimed the whole amount. Before the arguments, both counsel agreed that the jury should be instructed that, if the mare was received by the plaintiff as so much money, the plaintiff was not

entitled to recover the items prior to the last two.    The defendant declined to plead in set-off or amend his answer, and contended that the plaintiff could not recover on any of the items except the last two, and that it was not competent for the jury to find upon the evidence that the prior items were part of an open and mutual account current.    The judge submitted the case to the jury, directing them that under the pleadings the defendant would not be entitled to have the price of the mare allowed in ascertaining the amount due upon the account, and the defendant excepted.

The jury returned a verdict for the plaintiff for $146, and interest; and the defendant alleged exceptions.

*C. G. Delano*, for the defendant.

*J. B. O'Donnell*, for the plaintiff.

MORTON, J.  In view of the agreement of counsel and the ruling of the court, the jury must have found that there was an open and mutual account current between the plaintiff and the testator.    We think that there was evidence to warrant such a finding.    The plaintiff testified, on direct examination, that the mare was to be charged to his account; that " that was the agreement and the understanding "; and that the price was to be $20.    On cross-examination he said, amongst other things, that " it was to be applied on the account."    This, if believed and taken in connection with the other testimony, would justify a finding that there was a mutual and open account current. *Penniman* v. *Rotch*, 3 Met. 216.    *Whipple* v. *Blackington*, 97 Mass. 476.    *Safford* v. *Barney*, 121 Mass. 300.    *Eldridge* v. *Smith*, 144 Mass. 35.

We think, however, that in one respect there was an error. The defendant declined to plead in set-off, and the jury were thereupon allowed to find a verdict for the whole amount declared on, without making any deduction for the price of the mare.

Whatever the form of the declaration, an action upon an open and mutual account current is in effect for the balance due. *Penniman* v. *Rotch*, 3 Met. 216.    *Goldthwait* v. *Day*, 149 Mass. 185.    *Dewing* v. *Dewing*, 165 Mass. 230.    The statute recognizes this.    Pub. Sts. c. 197, § 8.    The jury should have been directed, therefore, to deduct the price of the mare and to return a verdict

for the balance. But if the plaintiff elects to remit the price of the mare, the verdict may stand, and the exceptions will be overruled ; otherwise, they will be sustained.    *So ordered.*