EDWARD H. KENNEDY, & another, administrators, *vs.* CHARLES E. DRAKE, executor.

Bristol.　November 8, 1916. — December 1, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Bailment. Sale. Limitations, Statute of. Mutual and Open Account. Agency,* Scope of authority. *Practice, Civil,* Report, New trial.

A grain dealer used sacks marked with his own name in shipping grain to one of his customers during a period of years, and in some portions of his account charged the sacks to the customer at a fixed price, crediting them to him when they were returned. In other portions of the account only the number of sacks was entered, no price being stated, and during a part of the period no entries as to the sacks were made. *Held,* that the above facts and reasonable inferences to be drawn therefrom proved a bailment and not a sale of the sacks, and that therefore such circumstances did not form the basis for a mutual and open

account current between the parties, as to which, under R. L. c. 202, § 6, no cause of action accrues, such as will start the running of the period of limitation, until the time of the last item of the account.

*It seems,* that, if there had been proved a sale of the sacks with an option to return them, under the provisions of St. 1908, c. 237, § 19, Rule 3, (1), the property would have passed to the customer and the sacks would have remained his until and unless he exerted his option to return them.

Entries, made on the dealer's books by an employee who was a teamster, crediting the customer with the price of boards furnished to another employee of the dealer and charging the dealer and the employee therewith, in the absence of evidence showing that the teamster had authority to make such an entry do not make necessary a finding that the price of the boards properly was credited to the customer, nor does such a charge form the basis for a finding of the existence of a mutual and open account current, especially where there is no evidence that the dealer ordered the boards of the customer, agreed to pay for them or ratified his teamster's acts.

A payment upon a general account consisting of many items, some of which are barred by the statute of limitations, renews only such items of the account as are not barred by the statute at the time of the payment.

In order for such a payment to renew the entire account, it must appear that it was made specifically to be applied to items of account at that time barred by the statute.

An appeal from a disallowance by commissioners of a claim against an insolvent estate of a deceased person was heard by a judge and by him reported to this court upon an agreement that, if a ruling by the judge, that a certain payment made on the account removed the bar of the statute of limitations from the whole amount, was correct, judgment should be entered upon a finding based thereon, but that, if the ruling was wrong, judgment should be entered in a sum based upon an assumption that the claim should be allowed only for such items as were within six years before the death of the decedent. This court were of opinion that the payment removed the bar of the statute from all items within six years previous to the date of the payment and, there being no data in the record from which the amount of such items could be computed, ordered judgment for the creditor in the smaller sum mentioned in the agreement of the parties unless the judge of the trial court should decide that under the circumstances justice required a new trial and made an order to that effect.

APPEAL, under R. L. c. 142, §§ 11–13, filed in the Superior Court on June 2, 1913, by a creditor of the estate of William E. Drake, late of Easton, from a decision of commissioners in insolvency allowing his claim, which, as presented to the commissioners, was for $5,625.58, in the sum of $956.18 only.

The case was referred to an auditor and afterwards by agreement of the parties was heard by *Raymond,* J., without a jury, the findings of fact in the auditor's report, except inferences of fact, being treated as an agreed statement of facts.

Besides the facts stated in the opinion, the judge found that the testator died on April 8, 1910; that the account filed by the

appellants comprised five thousand six hundred and forty-one items of merchandise charged against the appellee's testator from January 1, 1881, to July 31, 1908, amounting to $27,465.26, and four hundred and seventy-one items of cash, merchandise and other allowances, amounting to $22,050.32, credited to the estate during the same period. He further found:

"With the exception of certain items referred to below, all credit items in the account prior to May 3, 1902, appear to have been specifically credited to particular monthly bills which had accrued prior to July 1, 1895; no items whatever appear to have been specifically credited to particular monthly bills between July 1, 1895, and January 1, 1902; and with the exception of certain items referred to below all credit items paid in cash or merchandise on and after May 3, 1902, were credited to monthly bills which accrued on and after January 1, 1902. Receipted bills produced by the executor of Drake's will show all monthly bills from January 1, 1881, to July 1, 1895, to have been paid in full; no payments whatever to have been made upon monthly bills from July 1, 1895, to January 1, 1902; and all monthly bills from January 1, 1902, to January 1, 1906, to have been paid in full. Receipted bills for the months of February and March, and for September, October and November, 1906, were also produced by the said executor; but no receipts for any other months from January, 1906, to July, 1908, were produced.

"The total amount of credit items upon the account from January 1, 1902, to July 31, 1908, is $4,194.09, but of that amount $179.44 was applied to monthly bills accruing prior to July 1, 1895, and $1,949.34 was applied to monthly bills accruing between January 1, 1902, and March 9, 1904, leaving the balance of $2,065.31 to be applied to the account since March 9, 1904, as above stated."

As to the items for empty bags and sacks mentioned in the opinion, the judge found "that a large quantity of grain was sold by Dean [the appellant's intestate] to Drake [the appellee's testator], and was delivered in bags or sacks belonging to said Dean and marked with his name or the name of one of his employees who had charge of his mill. In some portions of the account between the parties these bags and sacks were charged to Drake upon Dean's books at a fixed price, usually at twenty-five

cents for bags and three cents for sacks, and when they were re- turned they were credited to Drake at the same price. In other portions of the account only the number of bags and sacks de- livered or returned is entered, without any price stated; and in some periods of the dealings between the parties no charges or credits of bags or sacks delivered or returned were made upon Dean's books. I find as a matter of fact that it was Dean's intention to charge only for such bags and sacks as were not returned."

As to the item for pine boards mentioned in the opinion, the judge found "that in the month of April, 1900, Dean sent one of his employees, Charles W. Hill, to Drake's farm to see if Drake had any boards; that Hill talked with Drake about the price and quantity of boards; that Drake afterwards sent some boards to Dean's mill; that Dean did not use the boards himself, but that they were taken from the mill by one Merz, another employee of said Dean, for his private use; that on June 1, 1900, said Hill, who was not employed as a bookkeeper but as a teamer and laborer, made an entry upon one of Dean's books, called a 'scratch book,' crediting Drake with 'pine boards, $10.64,' and charging Merz with 'pine boards, $10.64.' The evidence does not satisfy me that this entry of credit was made with Drake's knowledge or consent, or that he knew that Dean was personally indebted to him for the boards."

The judge ruled that there was no mutual and open account current between the parties.

The judge further found that a payment of $140 in cash was made on November 22, 1907, and that a receipt was given "on acct. of grain;" that another payment was made on March 24, 1908, of $100, and a receipt given "on acct. of grain bills," and that a third payment was made on April 16, 1908, and a receipt given "on acct. of grain bill." These three payments, the judge ruled, in legal effect took the whole debt out of the statute of limita- tions. He accordingly ordered and decreed that the appellants' claim be allowed in the sum of $5,414.94 and interest, and re- ported the case to this court under an agreement of the parties "that if it should appear that the ruling of the court that the items of the account prior to April 8, 1904, are not barred by the statute of limitations and that the finding for the plaintiff [ap-

pellants] in the sum of $5,414.94 is wrong that an entry may be made of judgment for the plaintiff [appellants] in the sum of $1,014.03, with costs."

The case was submitted on briefs.

*D. F. Buckley*, for the appellants.

*A. McL. Goodspeed*, for the appellee.

PIERCE, J.   The agreed facts and reasonable inferences of fact prove a bailment and not a sale of the bags and sacks in which the grain sold to Drake was contained.   *Hunt* v. *Wyman*, 100 Mass. 198.   The system of bookkeeping makes it plain that the charge entries of bags and sacks were but memoranda of their delivery without change of title to Drake, to be returned within a reasonable time.   *Hunt* v. *Wyman, supra.*   The credit items are not evidence sufficient to warrant a finding of a sale to Drake and a resale to Dean.   Such would not be the result if the transaction indicated an intention to make a present sale with an option to return, under the provisions of the sales act, St. 1908, c. 237, § 19, Rule 3, (1).

The credit of $10.64 for pine boards was made by a teamster and laborer, Hill, upon one of Dean's books called a "scratch book."   The teamster was not the bookkeeper, and no facts are found to warrant a finding that he had any authority to make an entry against the interest of his employer.   Moreover, there are no facts sufficient to prove that Dean ordered the boards of Drake, that he ever knew that Drake had sent them, or that he ever ratified the action of Hill.   It is clear on the facts that Drake had no legal claim against Dean for the value of the boards, founded upon an express or implied promise of Dean or of any authorized agent of Dean to pay for them.

It follows that there was not a mutual agreement to set off mutual debts in the matter of the credit for sacks and bags or in that of the alleged sale of boards.   Accordingly we are of opinion that the judge ruled rightly that there was no mutual and open account current between the parties.   *Safford* v. *Barney*, 121 Mass. 300.   *Eldridge* v. *Smith*, 144 Mass. 35.   *Kingsley* v. *Delano*, 169 Mass. 285.

We are of opinion that the cash payment of $140 made on November 22, 1907, "on acct. of grain," and credited on November 23, 1907, to Drake on general account, was a payment on

general account and not a special payment to the grain items of the account. The effect of that payment upon the general account consisting of many items, some of which were barred by the statute of limitations, was to renew all obligations of that account so far as they were not barred by the statute. *Pond* v. *Williams,* 1 Gray, 630. *Roscoe* v. *Hale,* 7 Gray, 274. *Ramsay* v. *Warner,* 97 Mass. 8, 13, 14. To renew the barred obligations the payment "must be made by the defendant, specifically on account of the debt thus barred,' because it is, by implication, the payment of part of a larger subsisting debt, and therefore it is an admission, a conclusive admission on the part of the debtor, of the actual existence of the balance, as a subsisting debt, notwithstanding the lapse of time, and the legal operation of the statute; from this acknowledgment of the defendant, the law implies a new promise, which prevents the operation of the statute. But to effect this, the payment must be specifically made or directed by the defendant." *Pond* v. *Williams,* 1 Gray, 630 at page 635, and cases cited. *Ramsay* v. *Warner, ubi supra. Haynes* v. *Nice,* 100 Mass. 327. *Haskell* v. *Manson,* 200 Mass. 599. *Blake* v. *Sawyer,* 83 Maine, 129. There are no facts to warrant a finding that the payment of November 22, 1907, or any subsequent payment, was made specifically to be applied to items of account at that time barred by the statute. It follows that the account commencing with items of November 22, 1901, was renewed by the payment on general account on November 22, 1907; and that all items of the account before that date are barred.

The report presents the alternative of the finding of a certain sum in case the items of the account before April 8, 1904, (the point of time being six years and thirty days before the death of Drake), are not barred by the statute; and the finding of a certain other sum if they are barred. Manifestly, this agreement was drawn under a misapprehension of the effect of a general payment upon an account some of the items of which were barred by the statute. The facts present a third possible alternative sum, data for the determination of which are not afforded by the agreed facts.

The entry should be judgment for the plaintiff in the sum of $1,014.03 with costs, unless within sixty days from the filing of the rescript the justice of the Superior Court before whom the

trial occurred shall decide that under these circumstances justice requires a new trial and enters an order to that effect. *Delano* v. *Smith,* 206 Mass. 365, 372.

*So ordered.*