ADKINS, J.
Plaintiff is a wholesale dealer in plumbing supplies; defendant is a contracting plumber. On April 1, 1930, defendant began to buy from plaintiff on credit plumbing supplies for various contracts which he was executing. As each order was filled and delivered, the articles purchased were accompanied by an itemized statement showing each item and the price thereof. Payments on account were made from time to time. At the end of each month plaintiff sent defendant a statement showing the amount then due; this was done throughout the continuance of the relations, and the accuracy of the statement was never questioned.
' Purchases continued with great frequency until February 26, 1931; thereafter only one purchase was made, on July 20, 1931. On January 14, 1931, plaintiff’s credit manager called on defendant for a payment on the general account, and defendant let him have a payment of $100 on account; defendant stated that was all he could let the credit manager have at that time. A payment of $15 was made by defendant to plain *194 tiff on November 18, 1931, the circumstances of which were not disclosed.
Suit was filed December 14, 1933. The only plea is the statute of limitations.
Even assuming, as contended by defendant, that the account was not a mutual account, I think the payment on January 14, 1931, was a recognition of the account as it stood at the first of that month, and renewed the statute of limitations certainly as to all items which were not then barred. See Kennedy v. Drake, 225 Mass. 303. None of the items had been barred at that time, hence the statute was renewed as to all; the suit was filed within three years of that payment.
Therefore plaintiff is entitled to judgment for $1,390.81, with interest from November 18, 1931.