## MARY MARKIEWICZ *vs.* JOSEPH TOTON.

Hampden.    September 18, 1935. — November 25, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Limitations, Statute of. Payment. Contract,* Implied. *Practice, Civil,* Appellate Division: report, appeal.

On the evidence, it was a question of fact whether a payment on account of a debt barred by the statute of limitations was an unqualified acknowledgment thereof from which a new, unconditional promise to pay it should be implied, or was an acknowledgment qualified by the condition that the debtor would pay in certain instalments, "if he had the money."

An account which while running is not a mutual and open account current within G. L. (Ter. Ed.) c. 260, § 6, cannot be made so by subsequent oral agreement of the parties, or by being "ratified" as such, or by a mere payment on account.

An order by an appellate division dismissing a report by a district court judge was reversed and a new trial was ordered where this court could not determine from the report whether the judge's decision was based on an erroneous ruling of law made by him or upon a finding which was warranted by the evidence and if made would have rendered such ruling immaterial, but which he did not state he made.

CONTRACT.    Writ in the District Court of Springfield dated November 30, 1934.

The action was heard in the District Court by *Spooner,* J., who found for the plaintiff in the sum of $1,866.75.    A report to the Appellate Division for the Western District was ordered dismissed, and the defendant appealed.

The case was submitted on briefs.

*H. Ritter,* for the defendant.

*J. J. Shapiro & J. J. George,* for the plaintiff.

QUA, J.    This is an action on an account annexed for money lent by the plaintiff to the defendant.    The only questions argued relate to the defence of the statute of limitations.    The writ is dated November 30, 1934.

The plaintiff was employed by the defendant as a housekeeper.    On a number of different dates from November 8,

1923, to November 2, 1933, she lent to the defendant varying sums. At various times the defendant paid, at the plaintiff's request, premiums on the plaintiff's insurance policy. The plaintiff, in her account annexed, has credited the defendant with these payments and also with one of $40 claimed by the plaintiff to have been made November 1, 1934. The judge found for the plaintiff for the balance shown in her declaration with interest from the date of demand. It is the contention of the defendant that the statute bars recovery of all sums advanced more than six years before the date of the writ.

With respect to the payment alleged to have been made November 1, 1934, there was evidence that the plaintiff, the defendant and a niece of the plaintiff went over figures which were set out in a book, and that the niece figured the defendant's indebtedness to be $1,824.80; that the plaintiff said the defendant owed her that sum; that the defendant said he wanted to settle his indebtedness, and that if the plaintiff would take $1,000, "they would be all set"; that "the plaintiff refused this and the defendant thereupon gave plaintiff $40 and said that if he had the money, he would pay her $5 or $10 a week"; that when the accounts were being figured up, the defendant asked the plaintiff whether she had taken off the money he had paid for insurance, and the plaintiff said, "I've already deducted that"; that the defendant said it was all right to deduct the premiums, that they were to be deducted. The defendant denied this conversation and denied that he paid the plaintiff the $40, but the judge found that the conversation did take place and that the defendant did pay the $40, and further found that it "was paid . . . by defendant on account of his then indebtedness of $1,824.80," and "on account of his admitted balance then due."

The defendant contends that if the judge found as a fact that the defendant paid $40 on November 1, 1934, he was also obliged on the evidence to find that such payment was not an unqualified or unconditional acknowledgment of the barred portion of the debt from which a new unconditional promise to pay it is implied, but that at most any

implied new promise to pay is conditioned and limited by the defendant's express statement that he would pay $5 or $10 a week, if he had the money; and that the plaintiff's rights are limited by the condition attached to the acknowledgment, so that she can sue only for instalments as they come due and can recover only upon proof that the defendant had the money. *Gillingham* v. *Brown*, 178 Mass. 417. *Wenz* v. *Wenz*, 222 Mass. 314, 321. But on the evidence as reported it was a question of fact whether the payment of $40 was an absolute acknowledgment of liability for the debt, with a resulting unconditional implied promise to pay, or an acknowledgment qualified by the condition that the defendant would pay in weekly instalments, if he had the money. The judge could not have given the rulings of law requested by the defendant bearing on this point. *Gillingham* v. *Brown*, 178 Mass. 417. *Wendell* v. *Clark*, 240 Mass. 562, 566. It is also clear that the evidence would support a finding that the payment was an acknowledgment of all the items, all of which taken together were the subject of the conversation. *Day* v. *Mayo*, 154 Mass. 472, 474. *Turner* v. *Buttrick*, 272 Mass. 261, 264.

The defendant also requested the judge to rule that "There was no mutual or open account current between the parties but merely a general account consisting of many items." As to this, the judge found "that plaintiff wrote down contemporaneously both the amounts which she had loaned defendant and the amounts which defendant had paid for her insurance"; that "There was no evidence that defendant knew plaintiff was thus keeping accounts in the form of a mutual account"; and that there was no formal agreement which could be said to constitute a "mutual and open account current." But the judge further found that when on November 1, 1934, the parties went over the plaintiff's account together, and the defendant assented to the deduction of the insurance premiums which he had paid, he "treated the matter as a current account" and "ratified the conduct of the plaintiff in keeping the account as a mutual and open account current." The judge granted the

defendant's request "as to the said account up to November 1, 1934." In this he was right as far as he went, because there was no understanding of the parties that the charges by each should "be parts of one account, upon which they would apply to and satisfy each other *pro tanto*," as they accrued. *Eldridge* v. *Smith*, 144 Mass. 35, 37. *Safford* v. *Barney*, 121 Mass. 300. *Kingsley* v. *Delano*, 169 Mass. 285. *Harding* v. *Covell*, 217 Mass. 120. *Howland* v. *Stowe*, 290 Mass. 142, 147. But he was in error in not granting the request in its entirety. An account which is not a mutual and open account current under the terms of the exempting statute (G. L. [Ter. Ed.] c. 260, § 6) cannot be turned into one by a subsequent oral agreement of the parties that it shall be so treated, or by being "ratified," or by a mere money payment on account. *Parker* v. *Schwartz*, 136 Mass. 30. *Day* v. *Mayo*, 154 Mass. 472.

In the opinion of a majority of the court it cannot be said that this error did not affect the result of the case, for we have no way of knowing whether the finding for the plaintiff for items which accrued more than six years before the date of the writ rests upon the erroneous ruling that the account became a mutual and open account current on November 1, 1934, or upon a finding which the judge could have made, but did not state, that the payment of $40 on that date gave rise to a new unconditional implied promise to pay the whole debt. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17. *Kaufmann* v. *Sydeman*, 251 Mass. 210, 217. *Schmoll Fils & Co. Inc.* v. *S. L. Agoos Tanning Co.* 256 Mass. 195, 200. *Rooney* v. *Porter-Milton Ice Co.* 275 Mass. 254, 257. *Rodde* v. *Nolan*, 281 Mass. 493, 497. *Minsk* v. *Pitaro*, 284 Mass. 109, 115. *Bresnick* v. *Heath, ante*, 293. The findings that the $40 was paid on account of the defendant's indebtedness of $1,824.80 and on account of the admitted balance then due are not equivalent to a finding of an unconditional implied promise to pay the rest of that balance, when there is evidence to the contrary. *Gillingham* v. *Brown*, 178 Mass. 417, 419.

> *Order dismissing report reversed.*
> *Case to stand for a new trial.*