CITY OF BOSTON *vs.* CARRIE F. NIELSEN & others.

Suffolk.    December 27, 1939. — March 25, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Limitations, Statute of.    Contract,* Implied.    *Payment.    Estoppel.*

The city of Boston was subject to the defence of the general statute of limitations in an action brought by it for board, lodging and medical services furnished in its city hospital.

The mere fact that one who received board, lodging and medical service at a hospital during certain periods also received treatments in the out-patient department on various occasions, on each of which he paid the charge requested for that treatment, did not render the account for the hospitalization mutual and open, nor did any of such payments constitute a partial payment of previous hospitalization items so as to affect the operation of the statute of limitations thereon.

A city was estopped to maintain an action against a married woman for treatment in its hospital occasioned by personal injuries caused by a defect in one of its public ways although the judge found that the city had extended credit to her for the treatment, if it appeared that, at the trial of a previous action by her against the city for such injuries, evidence as to the charges for the treatment was excluded on objection by the city on the ground that she had not paid nor become liable therefor but that credit therefor had been given to her husband.

BILL IN EQUITY, filed in the Superior Court on July 29, 1938.

The case was heard by *Burns,* J., and in this court was submitted on briefs.

*H. Parkman, Jr.,* Corporation Counsel, & *H. Freed,* Assistant Corporation Counsel, for the plaintiff.

*I. Gordon,* for the defendants.

RONAN, J.    This is a bill filed July 29, 1938, to establish an indebtedness of one Nielsen, hereinafter called the de-

fendant, in the amount of $1,857 for board, lodging and medical services furnished to her at the Boston City Hospital, a municipal department of the plaintiff, from June 1, 1923, to January 31, 1938, and to have that indebtedness set off against a judgment for $2,876.36 recovered on July 25, 1938, by the defendant against the plaintiff for personal injuries sustained on account of a defect in a public highway.

The judge found that the plaintiff in truth extended credit to the defendant, and not to her husband, who died on May 4, 1937; that as to $72 for treatment as an outpatient the defendant paid cash and owes nothing; that as to $483.86 the indebtedness was incurred prior to July 29, 1932, and consequently recovery was barred by the statute of limitations, which was pleaded; and that as to hospital charges amounting to $704 occasioned by the highway accident, recovery was barred for reasons hereinafter stated. A final decree was entered establishing the defendant's indebtedness to the plaintiff for the remainder of the claim, amounting to $597.14, and ordering it set off against the judgment. The plaintiff appealed.

The plaintiff contends that the statute of limitations cannot be successfully interposed in a suit by a municipality to collect for services rendered by its public hospital which it contends is merely the enforcement of a public or governmental right. It is well settled that the Federal government and the States are not subject to the statute of limitations unless they have expressed their consent to be bound thereby. *Stoughton, Sharon & Canton* v. *Baker*, 4 Mass. 522, 528. *Arundel* v. *M'Culloch*, 10 Mass. 70. *Attorney General* v. *Revere Copper Co.* 152 Mass. 444. *Sklaroff* v. *Commonwealth*, 236 Mass. 87. *United States* v. *Commissioner of Banks*, 254 Mass. 173. *Chesapeake & Delaware Canal Co.* v. *United States*, 250 U. S. 123. *Grand Trunk Western Railway* v. *United States*, 252 U. S. 112. *United States* v. *Minnesota*, 270 U. S. 181. *United States* v. *Wurts*, 303 U. S. 414. *County Commissioners* v. *United States*, 308 U. S. 343. But not only is it questionable whether the plaintiff in bringing this action was exercising any of the powers of the sovereign rather than acting as a

private creditor (*Metropolitan Railroad* v. *District of Columbia*, 132 U. S. 1; *Boone County* v. *Burlington & Missouri River Railroad*, 139 U. S. 684; *Guaranty Trust Co.* v. *United States*, 304 U. S. 126, 135, note; *Los Angeles* v. *Los Angeles County*, 9 Cal. (2d) 624, 113 Am. L. R. 370, and note), but G. L. (Ter. Ed.) c. 260, § 18, makes the provisions of the statute of limitations, including the requirement of bringing actions of contract in general within six years (§ 2), apply to the Commonwealth equally with ordinary litigants. It would be unreasonable to suppose that the Legislature intended to leave municipalities with rights superior to those of the Commonwealth itself. See *Cohasset* v. *Moors*, 204 Mass. 173, 178. Actions of contract by collectors for the recovery of taxes are governed by the statute of limitations. *Rich* v. *Tuckerman*, 121 Mass. 222. *Bartlett* v. *Tufts*, 241 Mass. 96. Compare *Bradford* v. *Storey*, 189 Mass. 104. We think that the judge rightly applied the statute of limitations to the present case.

The second point made by the plaintiff is that its claim is for the "balance due upon a mutual and open account current," and that the whole account therefore dates from the last item of the account. G. L. (Ter. Ed.) c. 260, § 6. If that point is well taken, the statute of limitations is escaped, and none of the items is barred.

The account was not a mutual and open account. There were no items in favor of the defendant against the plaintiff which could be set off against the plaintiff's claim. Naturally there was no agreement for any set-off by which a balance would become the debt between the parties. It is sufficient for present purposes to say that the record does not disclose that any such agreement was made. The evidence shows that the plaintiff's account continued to be a running account against the defendant and that this account had not been converted into an open mutual account current between the parties. *Parker* v. *Schwartz*, 136 Mass. 30. *Eldridge* v. *Smith*, 144 Mass. 35. *Kingsley* v. *Delano*, 169 Mass. 285. *Harding* v. *Covell*, 217 Mass. 120. *Kennedy* v. *Drake*, 225 Mass. 303. *Howland* v. *Stowe*, 290 Mass. 142. *Markiewicz* v. *Toton*, 292 Mass. 434.

The defendant received treatments at the out-patient department of the hospital, and the judge found that a payment of fifty cents was requested for each treatment and was paid by the defendant.*   These payments did not change the account into an open mutual account current, *Parker v. Schwartz*, 136 Mass. 30; *Day v. Mayo*, 154 Mass. 472; *Markiewicz v. Toton*, 292 Mass. 434, and they did not take the running account outside the statute of limitations.   They were not paid in partial satisfaction of a past indebtedness and, consequently, could not be considered an acknowledgment of such indebtedness and an implied promise to pay it. The payments were made for a particular purpose which was separate and independent of the existing indebtedness. The payments were the consideration for treatment presently to be administered to the defendant and were not made on account of any preëxisting debt.   Such payments did not operate to remove the bar of the statute on this running account.   *Kennedy v. Drake*, 225 Mass. 303, 308. *Spinney v. Freeman*, 230 Mass. 356.

Lastly, the plaintiff contends that items for hospital charges amounting to $704, occasioned by the highway accident, ought to have been allowed.   If the defendant, though married, had in fact paid or become liable for the hospital charges for her care and cure, she had a right to recover for them as a part of her damages in her action of tort against the plaintiff.   *Lewis v. Springfield*, 261 Mass. 183.   *Kelley v. Boston,* 296 Mass. 463, 467.   *Whalen v. Boston*, 304 Mass. 126, 128.   But if her husband, and not the defendant, had paid or become liable for the hospital charges, no one could recover for them against the plaintiff. *Nestor v. Fall River*, 183 Mass. 265.   *Whalen v. Boston*, *supra*.

At the trial of the action of tort brought by the present defendant against the present plaintiff, the amount of the hospital charges for service rendered to the defendant in her care and cure, made necessary by the highway accident,

---

* The record further discloses that these out-patient treatments and payments occurred in 1925, 1926, 1928–1934, inclusive, and that the hospitalization and other treatments were in 1923, 1925, 1928, 1929, 1930, 1932, 1933, 1934, 1936, and 1937. — REPORTER.

was excluded upon the objection of the present plaintiff, on the ground that the present defendant had not paid or become liable for those charges, but that credit had been given therefor to her husband. In that way the present plaintiff prevented the inclusion of those charges in the damages assessed in the action of tort. Its contention at that time may have been contrary to the fact. But it cannot be allowed now to take the inconsistent position that the present defendant is liable for those charges. A party who has successfully maintained a certain position at a trial cannot in a subsequent trial between the same parties be permitted to assume a position relative to the same subject that is directly contrary to that taken at the first trial. *Hooker* v. *Hubbard,* 102 Mass. 239. *Sherer* v. *Collins,* 106 Mass. 417. *Lilley* v. *Adams,* 108 Mass. 50. The point now raised by the plaintiff was settled in principle by *Michels* v. *Olmstead,* 157 U. S. 198, which held that a defendant in a bill in equity to restrain the prosecution of an action at law is precluded from contending that certain evidence in the equity suit was admissible in the action at law, where this evidence had been excluded in the action at law upon the objection of the defendant. *Philadelphia, Wilmington & Baltimore Railroad* v. *Howard,* 13 How. 307. *Davis* v. *Wakelee,* 156 U. S. 680. *R. H. Stearns Co.* v. *United States,* 291 U. S. 54, 61. *Dodds* v. *McColgan,* 222 App. Div. (N. Y.) 126. *Assets Realization Co.* v. *Roth,* 226 N. Y. 370.

*Decree affirmed.*