Robbins, J.
This is an action of contract to recover for dental services, the answer being a general denial, a plea of payment and a setting up of the Statute of Limitations.
At the trial there was evidence tending to show that the plaintiff rendered professional services to the defendant on July 13, 1931 and on various dates of 1932 beginning with January, 1932 to June 21, 1932 in the amount of two hundred thirty-eight and no/100' dollars ($238.00). There was also evidence that the plaintiff received payments as follows from the defendant: March 1,1932 — $10.00, November 17,1932 — $100.00, November 30,1934 — $35.00', December 5, 1934 — $10.00, February 8, 1935 — $35.00, leaving a balance on February 8, 1935 of $58.00 due the plaintiff; that no further payments were made by the defendant on this *355 account after February 8, 1935; that no further services were rendered by the plaintiff to the defendant after 1932 except on two occasions to wit, February 8, 1936 in the amount of $2.00 and March 1,1936 in the amount of $6.00.
This suit was brought by writ dated February 9,1942.
At the close of the trial and before final arguments, the defendant made the following requests for rulings of law:
“1. "Upon all the evidence a finding for the plaintiff in the amount of only $6.00 is warranted.
“2. If the court finds the plaintiff rendered services to the defendant on June 21, Í932 and that a payment or credit was made by the plaintiff on that account on February 8, 1935, then a suit by the plaintiff on February 9,1942 for the balance due on that account is not recoverable for the reason that the plaintiff’s claim is barred by the.Statute of Limitations.
“3. The plaintiff can only recover for work done and services rendered the defendant in the amount of $6.00 for work done on March 1, 1936.
“4. Any work done by the plaintiff prior to that date for which no payment has been made for a period of six years, then the plaintiff cannot recover.
“5. The plaintiff cannot prevent the Statute of Limitations running against him on an open account by doing work more than six years from the date of the last payment.”
The Trial Justice denied all the defendant’s requests for rulings of law.
The Trial Justice made the following findings of fact:
“I find that on June 21, 1932, the plaintiff did some dentistry work for the defendant and further work thereafter, that on February 8, 1935, she made a payment on account and received other credits for house hold work which she performed at the home of the plaintiff. The plaintiff rendered other dental services to the defendant on March 6, 1936, in an amount equal to $6.00. No further payments were made on the account.”
*356 “I find that the services rendered by the plaintiff in March, 1936, with the charges added to the prior running account renders the balance payable and it is not barred by the Statute of Limitations. I find for the plaintiff in the sum of $66.00 for services, and $23.70 for interest, making á total of $89.70.”
The defendant claims to be aggrieved by the denial of her requests, and whether or not the grievance is well based depends upon whether this action is upon a mutual and open account current under G. L. Chap. 260, §6.
The form of declaration in which the action is brought is immaterial. Penniman v. Rotch, 3 Metcalf 216, 219. Howland v. Stowe, 290 Mass. 142, 148. The mere indebtedness on each side which might be set off does not create a mutual open account current. Harding v. Covell, 217 Mass. 120, 123. The making of payments on an account does not make such an account mutual and open. Parker v. Schwartz, 136 Mass. 30, 31.
The essential element to constitute, such an account is “a mutual agreement express or implied, that the items of the account upon the one side and the other are to be set against each other ... so that the balance on either side is the debt between the parties”. Eldridge v. Smith, 144 Mass. 35, 36. Howland v. Stowe, 290 Mass. 142, 147. Markiewicz v. Toton, 292 Mass. 434, 437. Boston v. Nielson, 305 Mass. 429, 431.
In applying this law to the case at bar, we find no evidence of any such agreement, nor of any understanding between the parties “that the charges by each should ‘be parts of one account upon which they would apply to and satisfy each other pro tanto’ as they accrued”. Markiewicz v. Toton, 292 Mass. 434, 437 quoting Eldridge v. Smith, 144 Mass. 35, 37. The account therefore, was not mutual and open, and the sixth section of the Statute of Limitations (G. L. Chap. 260) does not apply, but rather the case comes under the second section thereof.
*357 Several of the defendant’s requests asked for this interpretation of the law and the denial of them constitutes prejudicial error. However, as the case was fully tried, and as the inevitable result of the application of the correct ruling as to the Statute of Limitation to the evidence reported is quite plain, we do not think a new trial is necessary. Deducting $60.00, the amount of the charges for the services performed more than six years before the date of the writ, from $66.00, which was the amount of the finding by the Trial Court, leaves a balance of $6.00. Accordingly, judgment is to be entered for the plaintiff in the sum of $6.00, plus interest only from the date of the writ for no demand is reported to have been made prior to that time. Howland v. Stowe, 290 Mass. 142, 148.