ESRAEL SKLAROFF & others *vs.* COMMONWEALTH & another.

Barnstable.    March 20, 1920. — May 21, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Adverse Possession. Province Lands. Commonwealth.*

No title to any of the province lands lying below high water mark could be acquired by adverse possession previous to the enactment of St. 1893, c. 470; and, by reason of the repeal of that statute by R. L. c. 227, in 1902, its provisions did not permit the acquiring of such a title by adverse possession for twenty years preceding its repeal.

St. 1893, c. 470, gave no right based on adverse possession of province land preceding its enactment.

PETITION, filed in the Land Court on August 6, 1918, for the registration of the title to certain province lands in Provincetown, a portion of which was below high water mark, the petitioners basing their claim upon a title alleged to have been acquired by adverse possession.

The petition was heard by *Corbett,* J. The judge in substance found that the petitioners had acquired title to the land they claimed above high water mark, but ruled that the title of the Commonwealth to the land below high water mark was not affected by the exercise of any act of dominion on the part of the

petitioners or of their predecessors in title. The petitioners alleged exceptions.

The petitioners contended, as to the land below high water mark, that, they and their predecessors in title having been in possession of the land for twenty years before the passage of St. 1893, c. 470, the instant that statute took effect the title to the same was good even against the Commonwealth, and that this title was not affected by the later repeal of the statute.

The case was submitted on briefs.

*W. Welsh,* for the petitioners.

*J. W. Allen,* Attorney General, *J. R. Benton,* Assistant Attorney General, for the Commonwealth.

CARROLL, J. The petitioners claimed title below high water mark to certain province lands in the town of Provincetown. The Land Court found that the claim was not sustained and that the land was owned by the Commonwealth.

A deed purporting to convey these lands in Provincetown to the province of Massachusetts Bay was made prior to the year 1679 by one Sampson, an Indian; and a confirmatory deed was received on February 5, 1679, from other Indians claiming to own the property to which titles the Province of Massachusetts Bay succeeded. The land along the seashore in the town of Provincetown was very early settled by fishermen, many of whom occupied buildings thereon, and, claiming title, conveyed the land by deed. At the close of the evidence the petitioners made certain requests for rulings, which were refused. The judge of the Land Court ruled that the title of the Commonwealth to the land below high water mark was not affected by the acts of dominion of the petitioners or their predecessors in title over the same, to which ruling and refusals to rule the petitioners excepted.

"The Commonwealth of Massachusetts has all the title and rights, public and private, both of the king and the parliament of England, in every part of the sea shore of the Commonwealth, which has not vested in individuals or corporations under the colonial ordinance of 1647 or other act of the government." *Nichols* v. *Boston,* 98 Mass. 39, 42. *Commonwealth* v. *Boston Terminal Co.* 185 Mass. 281. *Watuppa Reservoir Co.* v. *Fall River,* 154 Mass. 305.

By Rev. Sts. c. 119, § 12, an action for the recovery of lands by

the Commonwealth was barred unless brought within twenty years after the right accrued. Until this statute was passed, the statute of limitations did not run against the Commonwealth. *Attorney General* v. *Revere Copper Co.* 152 Mass. 444, 449, 450. St. 1854, c. 261, enacted (§ 8) that the Commonwealth was the owner in fee of all the province lands in the town of Provincetown and that no adverse possession would be sufficient to defeat its title thereto; and further (§ 9) that Rev. Sts. c. 119, § 12, should not apply to such lands. By Pub. Sts. c. 196, § 11, it was enacted that the stipulations limiting the time for the recovery of lands by the Commonwealth should not apply to the province lands in Provincetown nor to any interest of the Commonwealth below high water mark or in the great ponds. See also Gen. Sts. c. 154, § 12.

By St. 1893, c. 470, the harbor and land commissioners were given the care and supervision of the province lands in Province-town lying north and west of a line described in this statute; and it was there provided that St. 1854, c. 261, and so much of § 11 of Pub. Sts. c. 196, as refers to the province lands in Province-town, and all other acts relating thereto, except the one incorporating the town, should not apply to that portion of the province lands lying east and south of the line mentioned in the statute. The Land Court found that the land claimed by the petitioners lies east and south of the line referred to in St. 1893, c. 470. By R. L. c. 227, St. 1893, c. 470, was repealed. This repeal took effect on January 1, 1902. See also R. L. c. 202, § 30.

Under St. 1893, c. 470, the petitioners could claim title to the land below high water mark by adverse ownership against the Commonwealth, if they held the same for a period of twenty years after its enactment; but by R. L. c. 227 (already referred to), which went into effect January 1, 1902, that statute was repealed. The petitioners contend that they hold the land by adverse possession under St. 1893, c. 470, and their only claim to title is by reason of this statute. At most, they held possession for a period of nine years when this statute was repealed in 1902, and the period of limitation was not then complete. They acquired no title by adverse possession against the Commonwealth, prior to the enactment of St. 1893, nor since; and nothing in the language of the statute supports their contention that, as they held possession for a period of twenty years prior to St. 1893,

when no title could be acquired against the Commonwealth by adverse possession, by force of that statute they can now maintain such title against the Commonwealth. By St. 1893, c. 470, the occupants of these lands could acquire title by twenty years adverse occupation after its passage; and while the petitioners could not by the repealing statute be deprived of rights already accrued, by St. 1893 they could avail themselves only of rights it created and which came into existence after its passage; and there was no right given them by this statute based on the occupation of the land before that time. See *Bradford* v. *Metcalf,* 185 Mass. 205, 209; *Attorney General* v. *Revere Copper Co., supra,* 452. The cases cited by the petitioners are not contrary to the conclusion here reached.

It follows that the decision of the Land Court, that the Commonwealth was not deprived of its title to the lands below high water mark by the acts of the petitioners, was right.

*Exceptions overruled.*