454       SEAMLESS RUBBER CO. v. REED.          [232

had not been shown that there was any causal relation between the injury on May 7, 1918, and the conditions which caused the employee's disability for work. They made an order that the claim for compensation be dismissed, from which the appeal was taken. The judge made a final decree in accordance with the decision of the Industrial Accident Board dismissing the claim; and the employee appealed.

The case was submitted on briefs.

*T. E. Hamill & H. Finestone,* for the employee.

*W. I. Badger & L. C. Doyle,* for the insurer.

---

SEAMLESS RUBBER COMPANY *vs.* JOHN E. REED.

Plymouth. March 5, 1919. — March 10, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Sale. Name.*

In an action for goods sold and delivered, the defendant contended that the goods were sold and delivered to another person to whom the defendant before the delivery of the goods had sold his business, and who thereupon had filed a certificate under St. 1907, c. 539, that he was conducting the business under a name similar to that formerly used by the defendant. There was evidence that the defendant had continued to work at the place of business after he had given a bill of sale of the business to his alleged successor, who was a minor, and it might have been found that the transaction with such alleged successor was a sham and that the defendant in fact was conducting the business. *Held,* that the judge rightly refused to order a verdict for the defendant and that the case was one for the jury.

CONTRACT for a balance alleged to be due on an account for goods sold and delivered to the defendant doing business under the name Reed Auto Supply Company. Writ dated May 7, 1915.

In the Superior Court the case was tried before *King*, J. The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. There is not sufficient evidence of delivery to the defendant of the items claimed in the plaintiff's account annexed to warrant a verdict for the plaintiff, and the plaintiff therefore cannot recover.

"2. There is not sufficient evidence in this case that the defendant ordered the goods set forth in the plaintiff's account annexed to warrant the jury in finding a verdict for the plaintiff, and the plaintiff therefore cannot recover.

"3. The filing on the records at the city hall of the certificate containing the full name and residence of the person who conducted the Reed Auto Supply was information and protection to the plaintiff, who dealt with the Reed Auto Supply, an artificial designation, and the plaintiff cannot recover.

"4. On all the evidence and the law in this case the plaintiff cannot recover."

The judge refused to make any of these rulings and denied a motion of the defendant to order a verdict for the defendant. The jury returned a verdict for the plaintiff in the sum of $1,494.65; and the defendant alleged exceptions.

*D. J. Sheerin,* for the defendant.

*H. C. Thorndike,* for the plaintiff.

BY THE COURT. This is an action of contract upon an account annexed. The goods were charged to the Reed Auto Supply Company, a designation under which the defendant formerly did business. The defence was that the defendant before the delivery of the goods in question had transferred his business by bill of sale to one Derry, who thereafter had filed a certificate in conformity to St. 1907, c. 539, that he was conducting the business under the name of Reed Auto Supply. It appeared that Derry was a minor. There was evidence that Reed continued to work at the place of business after the bill of sale. It was open to the jury to find that

the transactions with and by Derry were a sham, and that Reed was in fact conducting the business. Hence there was no error in denying the motion for a directed verdict and all the requests for rulings.

*Exceptions overruled.*