Hobson, J.
This is an action of contract in which the plaintiff seeks to recover the cost of goods sold and delivered to the defendant. The answer is a general denial.
*154 Upon the evidence the following facts could be found: That on the eighteenth day of July, 1947, the defendant, Chester Sulborski, recorded in the office of the Clerk for the Town of Agawam a certificate in which he set forth that he was the sole proprietor of a business then operated in said town known as the Matchekon Company, said certificate having been filed in compliance with the provisions of Oh L. c. 110, § 5; that some time prior to December 31,1947, he sold the business under a conditional sales agreement, ■not recorded, to his brother Edward, who continued to operate the business and used the same trade name; that the defendant never notified the plaintiff of the sale of the business to his brother and never filed any notice in the office of the Town Clerk of Agawam that he was no longer the owner and operator of the business being done under the name of the Matchekon Company; that prior to the sale of the business to his brother, the defendant had an open order for certain goods with one Laurino, from whom the plaintiff had purchased his business, and that the defendant knew the plaintiff was filling orders that he had placed with Laurino; that on December 31, 1947, while the business was owned and being operated by defendant’s brother Edward, the plaintiff delivered to the Matchekon Company the merchandise in question; that on January 10, 1948, the defendant took the business back from his brother Edward for breach of condition. There is nothing in the evidence to show that the plaintiff ever had any knowledge of the recording of the certificate by the defendant in the Clerk’s office for the Town of Agawam on July 18, 1947.
At the close of the trial and before final arguments the defendant made seven requests for rulings. All were granted but those numbered 1, 5 and 7, which were denied. The latter requests are as follows:
*155 (1) Upon all the evidence a finding for the plaintiff is not warranted. (5) The burden is on the Plaintiff to show he relied upon a certificate with the knowledge and acquiescence of the Defendant. (7) The Plaintiff had full knowledge as to the ownership of the business.
The Judge made the following special finding of fact: “The Court specifically finds that the Defendant had a business certificate on record to the effect that he was doing business as Matchekon Company; that the merchandise was ordered by the Defendant from one J. Laurino from whom the Plaintiff purchased his business; and that the Plaintiff filled all the open orders on the books of the business of which one was the Defendant’s and delivered the merchandise to the Defendant’s place of business and extended credit to him; and that the Defendant gave no notice to the Plaintiff of change in ownership of the company and the Plaintiff had no knowledge thereof,” and found for the plaintiff and assessed damages in the sum of $289.30. Defendant claims to be aggriéved by the Judge’s refusal to grant his requests for rulings numbered 1, 5 and 7.
The defendant contends that the plaintiff had no authority to make any delivery of the merchandise either to the defendant or to Edward Sulborski; that any attempted assignment to the plaintiff of the defendant’s contract with Laurino was ineffective and unauthorized. This contention would be sound if the defendant did not know that the plaintiff was filling the orders which he had placed with Laurino before the same was delivered. It is specifically held in Boston Ice Company v. Potter, 123 Mass. 28 at 30, that where a party has received notice of the assignment of the contract and continues to take the merchandise as delivered by the assignee, a contract is implied. On the evidence in this case it could be found that the defendant knew of the sale of the business by Laurino to the plaintiff and that the *156 plaintiff was filling, on periodical orders, the merchandise he had arranged with Laurino to be delivered.
While the Judge in his special finding of facts found that the defendant made the original agreement with Laurino for the delivery of merchandise on periodical orders, he did not find and there is nothing in the record to show that the defendant in fact ordered the merchandise in question from the plaintiff before he sold the business to his brother. In his brief the plaintiff argues that the defendant is liable, not because he in fact ordered the merchandise before the sale to his brother, but because he had filed a certificate in the Town Clerk’s office in Agawam showing that he was the owner and operator of the business and had never filed any other certificate or notice showing that he was no longer the owner and operator of the business, and had never notified the plaintiff to that effect.
If the trial judge found for the plaintiff solely upon the assumption that the defendant was liable as a matter of law because, having filed a certificate in the Town Clerk’s office in Agawam that he was the. owner and operator of the business being conducted under the name of the Matchekon Company, he failed to file in the same place, after having made a bona fide sale of the business, a certificate showing that he was no longer owner and operator of the business, and had never notified the plaintiff to that effect, he was not warranted in so doing, and defendant’s request No. 1 should have been granted.
It is stated in Crompton v. Williams, 216 Mass. 184 at 187, that St. 1907, c. 539 (now G. L. c. 110, § 5) was intended for the information and protection of creditors with whom a trader contracts under an artificial designation which, in the absence of such certificate, may enable the actual or responsible debtor for want of identification to escape all liability. . The protection afforded creditors by the statute *157 is the furnishing of a means or way by which they can ascertain the identity of persons with whom they are doing business and not the creation of a liability against a person filing the certificate whereby he is made responsible for debts actually contracted by others using the same trade name to whom he may have sold the business, without filing any further notice or certificate that he is no longer the owner and operator of the same.
It was held in Hanzes v. Flavio, 234 Mass. 320, that the fact that four partners had filed the certificate above referred to does not estop two of the four from asserting that before a tort complained of or before the bringing of an action against them they had withdrawn from the partnership. From this it would follow that a person who has filed a certificate as required by G. L. c. 110, § 5, is not estopped from showing that he has sold the business and was not at a particular time the owner of the same.
There is no provision in G. L. c. 110 which requires a person who has filed a certificate under § 5 of said chapter and has sold his business to file in the same office or elsewhere any certificate or notice that there has been a sale of the business or any change in the ownership thereof. In fact if such a notice were offered to the town clerk for record there is some doubt as to whether he could be compelled to receive and record it. Town clerks are required to receive and record only those instruments which the statutes direct them so to do. While the statute requiring the filing of the certificate imposes a criminal liability on one not complying with it, and provides a penalty for its violation, we are of the opinion that it does not make one who has filed a certificate and then sold his business liable because he does not file another certificate in the same office where the. original was filed, showing that he has ceased to be the owner and operator of the business. One" *158 is not to be held liable for not doing what the law does not require him to do or make any provision for his so doing. To hold otherwise would make a person, doing business under a trade name, who had recorded the required certificate and then sold the business, and failed to file a certificate that he was no longer the owner, liable to a party furnishing merchandise to the. then present owner of the business, though many years had elapsed and the business had changed hands many times. We think if the Legislature intended to make a party responsible under these conditions it would have said so in plain words and would have provided for the recording of a notice of sale or change in the ownership of the business and would have directed the town clerk to receive and record the certificate, as it directs the receipt and recording of the original notice.
However, if the finding for the plaintiff was based upon a finding of fact which the Judge could have made but did not state, he would be warranted in denying defendant’s Bequest No. 1. While the Judge does make specific findings of fact, he does not state that these findings were the only facts found by him. It was open to the Judge, in view of the evidence that the defendant made the alleged sale to his brother, that the sale was not an outright one but a conditional sale of some nature where title remained in the defendant, and that the defendant repossessed the business within ten days after the delivery of the merchandise in question, to find that the transactions between the defendant and his brother were a sham, and that the defendant was in fact conducting the business all the time. Seamless Rubber Company v. Reed, 232 Mass. 454.
We have no way of knowing upon just what finding of fact the Judge based his decision and we, consequently, cannot say that the refusal of the defendant’s request was not prejudicial to the defendant’s.case. We, therefore, are *159 of the opinion that the finding for the plaintiff should be vacated and the case stand for a new trial. Markiewicz v. Toton, 292 Mass. 434; Minsk v. Pitaro, 284 Mass. 109 at 115.
Bequest No. 5 was properly refused. If a plaintiff can prove that upon the express order of a party doing business under a trade name, who has filed the certificate required by Gr. L. c. 110, § 5, he has delivered merchandise to him, he can maintain a suit to recover the price thereof, without showing that he knew such a certificate had been filed or that he placed any reliance thereon. Bequest No. 7 was properly refused. This request called for a finding of fact and not a ruling of law.